**LEVI & KORSINSKY LLP**
Eduard Korsinsky (EK-8989)
Gregory M. Nespole (*pro hac vice* forthcoming*)*
55 Broadway, 10th Floor
New York, New York 10006
Tel.:  (212) 363-7500
Fax:  (212) 363-7171
Email: ek@zlk.com
Email: gnespole@zlk.com

*Counsel for Movant Vijay Singh*
*and [Proposed] Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PAUL MONTESANO, Individually and on Behalf of All Others Similarly Situated,<br><br>                          Plaintiff,<br><br>v.<br><br>EROS INTERNATIONAL PLC, KISHORE LULLA, PREM PARAMESWARAN, and JYOTI DESHPANDE,<br><br>                          Defendants. | Case No. 2:19-cv-14125-JMV-JAD<br><br>**MEMORANDUM OF LAW IN SUPPORT OF VIJAY SINGH'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>**MOTION DATE: September 16, 2019** |

*[caption continued on next page]*

| | |
|---|---|
| JOHN SCHRAUFNAGEL, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>v.<br><br>EROS INTERNATIONAL PLC, KISHORE LULLA, PREM PARAMESWARAN, and JYOTI DESHPANDE,<br><br>     Defendants. | Case No. 2:19-cv-14445-KM-JBC |

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................1

II.   STATEMENT OF FACTS .....................................................................2

III.  ARGUMENT..........................................................................................5

  A. The PSLRA Standard for Appointing Lead Plaintiff .....................................6

  B. Movant is the "Most Adequate Plaintiff" under the Exchange Act ................7

    1.  Movant is Willing to Serve as Class Representative .................................7

    2.  Movant has the Largest Financial Interest in the Relief Sought by the
        Class...................................................................................................8

  C. Movant is Qualified Under Rule 23 ............................................................10

    1.  Movant's Claims are Typical of the Claims of the Class.........................11

    2.  Movant Will Fairly and Adequately Represent the Class' Interests ........12

    3.  This Court Should Approve Movant's Choice of Counsel ......................14

IV.   CONCLUSION....................................................................................15

## TABLE OF AUTHORITIES

**Cases**

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ..............................................................................8, 10

*Francisco v. Abengoa, S.A.*,
15 Civ. 6279 (ER), 2016 U.S. Dist. LEXIS 68145 (S.D.N.Y. May 24, 2016) ..13

*Inchen Huang v. Depomed, Inc.,*
289 F. Supp. 3d 1050 (N.D. Cal. 2017)............................................................14

*Isaacs v. Musk*,
No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717 (N.D. Cal. Nov.
27, 2018) .......................................................................................................13

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990). ............................................................................5

*Lax v. First Merch. Acceptance Corp.*,
No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ..............................9

*Levin v. Res. Capital Corp.*,
15 Civ. 7081 (LLS), 2015 U.S. Dist. LEXIS 162377 (S.D.N.Y. Nov. 4,
2015) ..............................................................................................................13

*In re Merck & Co., Inc. Securities*,
No. 05-cv-1151, 2013 U.S. Dist. LEXIS 13511 (D.N.J. Jan. 20, 2013) ...........11

*In re Nice Sys. Sec. Litig.*,
188 F.R.D. 206 (D.N.J. 1999)............................................................................9

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...................................................................9

*In re Opnext, Inc.*,
No. 08cv-0920, 2008 U.S. Dist. LEXIS 60678 (D.N.J. Aug. 6, 2008).........8, 11

*In re PharmaPrint, Inc. Sec. Litig.*,
No. 00-cv-00061, 2002 U.S. Dist. LEXIS 19845 (D.N.J. April 17, 2002)... 11, 12

*Pipefitters Local No. 636 Defined Ben. Plan v. Bank of America Corp.*,
    275 F.R.D. 187 (S.D.N.Y. 2011) ...............................................................5

*Polat v. Regulus Therapeutics, Inc.*,
    No. 3:17-cv-00182-BTM-RBB, 2017 U.S. Dist. LEXIS 177872 (S.D. Cal.
    Oct. 26, 2017) ...............................................................................14

*Pope v. Navient Corp.*,
    Civil No. 17-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340 (D.N.J. Feb.
    2, 2018) .......................................................................................13

*Sklar v. Amarin Corp. PLC*,
    Civil Action No. 13-cv-06663 (FLW)(TJB), 2014 WL 3748248 (D.N.J. July
    29, 2014) ................................................................................ 8, 9, 10, 11

*In re Tesla, Inc. Sec. Litig.*,
    No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17,
    2018) ...........................................................................................13

## Statutes

15 U.S.C. § 78u-4(a)(1) .................................................................................6

15 U.S.C. § 78u-4(a)(3)(A) ...........................................................................6

15 U.S.C. § 78u-4(a)(3)(B) ................................................................... passim

15 U.S.C. § 78u-4(e) .....................................................................................9

## Rules

Fed. R. Civ. P. 23(a)................................................................................ 10, 12

Fed. R. Civ. P. 42(a)......................................................................................5

Vijay Singh ("Movant"), by counsel, respectfully submits this Memorandum of Law pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for entry of an order: (i) consolidating the above-captioned actions (the "Actions"); (ii) appointing Movant as Lead Plaintiff in the Actions; (iii) approving Movant's selection of the law firm of Levi & Korsinsky, LLP ("Levi & Korsinsky") to serve as Lead Counsel under 15 U.S.C. § 78u-4(a)(3)(B)(v) and (iii) granting such other and further relief as the Court may deem just and proper.

## I.    INTRODUCTION

The Actions are brought pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. § 78j(b) and 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, against: Eros International PLC ("Eros" or the "Company"); the Company's Group Chief Executive Officer ("CEO") Kishmore Lulla ("Lulla"); the Company's Group Chief Financial Officer Prem Parameswaran ("Parameswaran"); and Jyoti Deshpande ("Deshpande"), the Company's former Chief Executive Officer from June 22, 2012 until April 1, 2018.

Pursuant to the PSLRA, this Court must appoint the member of the class "most capable of adequately representing the interests of class members" to serve as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Movant believes he is entitled to appointment as Lead Plaintiff as the movant with the largest financial interest that

1

otherwise meets the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure.  During the Class Period, Movant sustained approximately $131,391.46 in losses as a result of purchasing Eros securities at artificially inflated prices.[1] Movant also respectfully requests that the Court approve Levi & Korsinsky as Lead Counsel.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class").

## II.   STATEMENT OF FACTS

Eros co-produces, acquires, and distributes Indian films in various formats worldwide. ¶ 7[2]. The Company distributes its film content through various distribution channels, including theatres, television syndication, internet channels, and physical formats compromising DVDs and video compact dics (VCDs). ¶ *Schraufnagel* 16. The Company is incorporated in the Isle of Man and has its

---

[1] *See* Declaration of Eduard Korsinsky in Support of Vijay Singh's Motion for Consolidation of the Actions, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel, dated August 20, 2019 ("Korsinsky Decl."), Ex. A (Movant's PSLRA certification); Ex. B (Movant's loss chart).

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint For Violations of the Federal Securities Laws (the "*Montesano* Complaint") filed in the *Montesano* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Montesano* complaint. The facts set forth in the *Montesano* Complaint are incorporated herein by reference. Any citation to "*Schraufnagel* ¶ __" are to paragraphs of the Class Action Complaint (the "*Schraufnagel* Complaint") filed in the *Schraufnagel* Action.

principal executive offices in Secaucus, New Jersey. ¶ 7.   Eros trades on the New York Stock Exchange ("NYSE") under the ticker symbol "EROS." *Id.*

Throughout the Class Period, the Complaint alleges that Defendants made false and/or misleading statements about and nature of Eros's business, operations, and prospects, which were known to Defendants or recklessly disregarded by them. ¶ 36. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Eros and its executives engaged in a scheme to use related-party transactions to fabricate receivables that they reported in Eros's public financial disclosures; (2) because of this scheme, Eros's financial position was weaker than what the Company disclosed; (3) consequently, the Company's Indian subsidiary, Eros International Media Ltd ("EIML"), missed loan payments and had its credit downgraded; and (4) due to the foregoing, Defendants' statements about Eros's receivables, business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times. *Id.*

On July 28, 2017, the beginning of the class period, Eros announced its financial results for the fiscal year ended March 31, 2017 (the "July 28, 2017 Press Relase"). ¶ 18. In the July 28, 2017 Press Release, Eros included a detailed report of The Company's trade receivables, stating in relevant part "As of March 31, 2017, Trade Receivables increased to $226.8 million from $169.43 million as of March 31, 2016 mainly due to significantly higher catalogue sales in fiscal 2017 compared

to fiscal 2016 where Eros had held back at least $40 million of catalogue sales in the last two quarters. Catalogue sales have payment terms that sometimes extend up to a year. We have collected over $25 million of fiscal 2017 trade receivables post balance sheet." *Id.*

Over the next year and a half, Eros filed both quarterly and annual reports with the SEC, all of which contained additional representations that Eros employed comprehensive robust risk management systems, procedures, and controls to ensure that risks were accurately assessed and accounted for on an ongoing basis, with regard to trade receivables. ¶¶ 17-35.

Then, the truth began to emerge on June 5, 2019, when CARE Ratings, India's second largest credit ratings agency, downgraded EIML's credit rating to "Default" because of "ongoing delays/default in debt servicing due to slowdown in collection from debtors." ¶ 37.  In a press release issued the following day, June 6, 2019, Eros admitted that EIML was late on two loan interest payments for April and May 2019. ¶ 38. On this news, shares of Eros fell 49%, or $3.59 per share, to close on June 6, 2019 at $3.71 per share. ¶ 39.

The next day, prior to the market opening, Hindenburg Research published an article entitled "Eros International: On-The-Ground Research, Employee Interviews, and Private Company Documents Expose Egregious Accounting Irregularities," explaining the reason for the downgrade of EIML. ¶ 40. The article stated, among

other things, that "a significant portion of Eros's receivables don't exist" and that they have documented "multiple undisclosed related-party transactions that appear designed to hide receivables." *Id*. On this news, shares of Eros fell again, over 11%, or $0.41 per share, to close on June 7, 2019 at $3.30 per share. ¶ 41.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure Rule 42(a) is proper when actions involve common questions of law and fact. *Johnson v. Celotex Corp*., 899 F.2d 1281, 1284 (2d Cir. 1990).

Each of the Related Actions presents similar factual and legal issues, as they all involve the similar subject matter and present the similar legal issues. Each action names the same Defendants, each alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Ben. Plan v. Bank of America Corp*., 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (Consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation").

### B.    The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); *see* 15 U.S.C. § 78u-4(3)(B).  Specifically, within 20 days after the date on which a class action is filed, the plaintiff shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –

> (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and

> (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Further, the PSLRA directs the Court to consider any motions by plaintiff or purported class members to serve as Lead Plaintiff in response to any such notice within 90 days after the date of publication of the notice. 15 U.S.C. § 78u-4(a)(3)(B). Under the Exchange Act, the Court "shall" appoint the "most adequate plaintiff," and is to presume that plaintiff is the person which:

> (aa)    has either filed the complaint or made a motion in response to a notice . . .;

> (bb)    in the determination of the court, has the largest financial interest in the relief  sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of    Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### C.   Movant is the "Most Adequate Plaintiff" under the Exchange Act

Movant respectfully submits that he is the "most adequate plaintiff" because he has complied with the PSLRA procedural requirements, has the largest financial interest of any movant, and satisfies Rule 23's typicality and adequacy requirements. Further, Movant has selected and retained counsel experienced in the prosecution of securities class actions to represent the proposed class.  *See* Korsinsky Decl., Ex. D (Firm Resumé of Levi & Korsinsky).  Accordingly, Movant satisfies the PSLRA's filing requirements for seeking appointment as lead plaintiff and, therefore should be appointed Lead Plaintiff.

### 1.  Movant is Willing to Serve as Class Representative

On June 21, 2019, Plaintiff in the action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Defendants and which advised putative class members that they have until August 20, 2019 to file a motion to seek

7

appointment as a Lead Plaintiff in the action.[3]  Movant has reviewed the complaint

filed in the pending Action and has timely filed this motion pursuant to the Notice.

### 2. Movant has the Largest Financial Interest in the Relief Sought by the Class

Under the Exchange Act, a rebuttable presumption exists whereby the movant

with the largest financial interest in the litigation and who otherwise satisfies the

requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be

the most adequate plaintiff to lead the action.  15 U.S.C. § 78u-4(a)(3)(B)(iii); *Sklar*

*v. Amarin Corp. PLC*, Civil Action No. 13-cv-06663 (FLW)(TJB), 2014 WL

3748248, at *4 (D.N.J. July 29, 2014); *see also In re Opnext, Inc.*, No. 08cv-0920,

2008 U.S. Dist. LEXIS 60678 (D.N.J. Aug. 6, 2008).  In determining the "largest

financial interest" for purposes of lead plaintiff appointment, courts in the Third

Circuit consider (1) the number of shares that the movants purchased during the

putative class period; (2) the total net funds expended by the plaintiff during the class

period; and (3) the approximate losses suffered by the plaintiff. *See In re Cendant*

*Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) ("[W]e agree with the many district

courts that have held that courts should consider, among other things: (1) the number

of shares that the movants purchased during the putative class period; (2) the total

---

[3] The Action was filed in this Court on June 21, 2019.  That same day, the Notice was published over *Business Wire*, a widely circulated national business-oriented wire service.  *See* Korsinsky Decl., Exhibit C.

8

net funds expended by the plaintiff during the class period; and (3) the approximate losses suffered by the plaintiff (citing *Lax v. First Merch. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997); *In re Nice Sys. Sec. Litig.*, 188 F.R.D. 206, 217 (D.N.J. 1999); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998) (same)"); *see also Sklar*, 2014 WL 3748248, at *4.

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the greater of the price they sold the shares or the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. § 78u-4(e).

During the Class Period, Movant sustained losses in the amount of approximately $131,391.46 as a result of purchasing Eros securities at artificially inflated prices. *See* Korsinsky Decl., Ex. B. Movant is not aware of any other movant with a larger financial interest and believes he has the largest financial interest of any lead plaintiff movants. Therefore, Movant is presumptively entitled to appointment as the Lead Plaintiff.

9

### D.    Movant is Qualified Under Rule 23

The PSLRA provides that the lead plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

(1)    the class is so numerous that joinder of all members is impracticable;

(2)    there are questions of law or fact common to the class;

(3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

For purposes of appointing lead plaintiff, the determination of whether the movants with the largest interest in the case otherwise satisfies Rule 23 "should be confined to determining whether the movants have made prima facie showing of typicality and adequacy." *Sklar*, 2014 WL 3748248, at *5, citing *In re Cendant Corp. Litig.*, 264 F.3d at 262. The presumption that the movants with the largest financial interest are the most adequate plaintiff to lead the action may be rebutted only upon **proof** that the movants (1) will not fairly and adequately protect the interests of the class, or (2) are subject to unique defenses that render such movant incapable of adequately representing the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II), *In re*

10

*Opnext, Inc.*, 2008 U.S. Dist. LEXIS 60678, at \*7- 10; *see also Sklar*, 2014 WL 3748248, at \*4.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representatives. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the lead plaintiff moves for class certification.

As detailed below, Movant satisfies the typicality and adequacy requirements of Rule 23(a), thereby justifying his appointment as Lead Plaintiff in this Action.

### 1. Movant's Claims are Typical of the Claims of the Class

The typicality requirement of Rule 23(a) is satisfied when (1) the claims of the proposed lead plaintiff arise from the same course of conduct that gives rise to the other purported class members' claims, and (2) the claims are based on the same legal theory. *See In re Merck & Co., Inc. Securities*, No. 05-cv-1151, 2013 U.S. Dist. LEXIS 13511, at \*39-40 (D.N.J. Jan. 20, 2013), *In re PharmaPrint, Inc. Sec. Litig.*, No. 00-cv-00061, 2002 U.S. Dist. LEXIS 19845, at \*16 (D.N.J. April 17, 2002).

The claims asserted by Movant are based on the same legal theory and arise out of the same course of events as the other purported class members' claims.

11

Movant purchased securities of Eros, as did each member of the proposed class, at prices artificially inflated by Defendants' false and misleading statements and was damaged thereby. Thus, Movant satisfies the typicality requirement of Rule 23(a).

### 2. Movant Will Fairly and Adequately Represent the Class' Interests

Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4). A movant can demonstrate adequacy by showing that "(a) the [movant's] attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the [movant] must not have interests antagonistic to those of the class." *In re PharmaPrint, Inc. Sec. Litig.*, 2002 U.S. Dist. LEXIS 19845, at \*16-17. Here, Movant's interests are clearly aligned with the members of the proposed class. Not only is there no evidence of any antagonism between Movant's interests and those of the class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that the Movant will vigorously pursue the interests of the Class. As detailed above, Movant's claims raise similar questions of law and fact as claims of the members of the class, and Movant's claims are typical of the members of the

class. Further, Movant has demonstrated his adequacy and willingness to serve as and assume the responsibilities of a lead plaintiff, as reflected in his signed certification. *See* Korsinsky Decl., Ex. A.  Having suffered substantial losses, Movant will be a zealous advocate on behalf of the class.

In addition, Movant has selected Levi & Korsinsky – counsel highly experienced in prosecuting securities class actions – to represent them. *See* Korsinsky Decl., Ex. D; *See Isaacs v. Musk*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717, at *20 (N.D. Cal. Nov. 27, 2018), *reconsideration denied sub nom. In re Tesla, Inc. Sec. Litig.*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018) (noting Levi & Korsinsky "is experienced in securities fraud litigation and has been appointed Lead Counsel in other securities class actions.");; *Francisco v. Abengoa, S.A.*, 15 Civ. 6279 (ER), 2016 U.S. Dist. LEXIS 68145, at *21 (S.D.N.Y. May 24, 2016) (noting that given "Levi & Korsinsky's track record, the Court, like many others in this Circuit before it, concludes that the firm is qualified to serve as lead counsel of the class"); *Levin v. Res. Capital Corp.*, 15 Civ. 7081 (LLS), 2015 U.S. Dist. LEXIS 162377, at *4 (S.D.N.Y. Nov. 4, 2015) (appointing Levi Korsinsky as lead counsel and noting that it is "a firm which is well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions"); *Pope v. Navient Corp.*, Civil No. 17-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340, at *13-14 (D.N.J. Feb. 2, 2018)

13

(appointing Levi & Korsinsky as lead counsel as it "is clearly capable of handling this matter—the firm has extensive experience in private securities litigation and has received numerous favorable judgments in its past representations."); *Inchen Huang v. Depomed, Inc.,* 289 F. Supp. 3d 1050, 1055 (N.D. Cal. 2017) (appointing Levi Korsinsky as lead counsel); *Polat v. Regulus Therapeutics, Inc.*, No. 3:17-cv-00182-BTM-RBB, 2017 U.S. Dist. LEXIS 177872, at *3 (S.D. Cal. Oct. 26, 2017) (same). Thus, the close alignment of interests between Movant and other class members, and Movant's strong desire to prosecute the Action on behalf of the class, provide ample reason to grant Movant's motion for appointment as Lead Plaintiff in the Action.

Accordingly, at this stage of the proceedings, the Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  In addition, because the Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such to lead the Action.

### 3.  This Court Should Approve Movant's Choice of Counsel

The Exchange Act vests authority in the lead plaintiff to select and retain lead counsel, subject only to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

14

Movant has retained Levi & Korsinsky to file moving papers on behalf of himself seeking appointment as Lead Plaintiff and to serve as lead counsel to pursue this litigation on behalf of Movant and the class.  Levi & Korsinsky's attorneys have extensive experience in the area of securities litigation and have successfully prosecuted numerous securities class actions on behalf of injured investors.  *See* Korsinsky Decl., Ex. D.

## IV.    CONCLUSION

Movant has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, Movant respectfully requests that the Court consolidate the Actions, appoint him as Lead Plaintiff, approve his selection of counsel, and grant such other relief as the Court may deem just and proper.

Dated: August 20, 2019                    Respectfully submitted

**LEVI & KORSINSKY, LLP**
/s/ Eduard Korsinsky
Eduard Korsinsky
Gregory M. Nespole *(pro hac vice* forthcoming*)*
55 Broadway, 10th Floor
New York, New York 10006
Tel.:  (212) 363-7500
Fax:  (212) 363-7171
Email: ek@zlk.com
Email: gnespole@zlk.com

*Counsel for Movant Vijay Singh and*
*Proposed Counsel for the Class*

15

# <u>CERTIFICATE OF SERVICE</u>

I, Eduard Korsinsky, hereby certify that on August 20, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

*/s/Eduard Korsinsky*
Eduard Korsinsky