James E. Cecchi
Lindsey H. Taylor
Donald A. Ecklund
**CARELLA, BYRNE, CECCHI,**
**OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700

*Liaison Counsel for Lead Plaintiff Movants*
*and the Class*

Lionel Z. Glancy
Robert V. Prongay
Lesley F. Portnoy
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201 – 9150

*Counsel for Lead Plaintiff Movants and*
*Proposed Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL MONTESANO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> EROS INTERNATIONAL PLC, KISHORE LULLA, PREM PARAMESWARAN, and JYOTI DESHPANDE, <br><br> Defendants. | Case No. 2:19-cv-14125-JMV-JAD |
| JOHN SCHRAUFNAGEL, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> EROS INTERNATIONAL PLC, KISHORE LULLA, PREM PARAMESWARAN, and JYOTI DESHPANDE, <br><br> Defendants. | Case No. 2:19-cv-14445-KM-JBC |

**MEMORANDUM OF LAW IN SUPPORT OF OPUS CHARTERED ISSUANCES S.A., COMPARTMENT 127 AND AI UNDERTAKING IV'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL**

**PRELIMINARY STATEMENT**

Opus Chartered Issuances S.A., Compartment 127 and AI Undertaking IV (together, "Movants") respectfully move this Court for appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). Movants further move for approval of his selection of counsel on behalf of a putative Class of purchasers of Eros International plc securities during the Class Period (as defined below).

Pursuant to the PSLRA, the person or group with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff.

Movants believe that they are the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on their financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Movants satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other class members' claims, and they are committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Movants respectfully submit that they are presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Movants' selection of Glancy Prongay & Murray LLP as Lead Counsel and Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. for the Class should be approved because the firms have substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

1

## I.    FACTUAL BACKGROUND[1]

This is a class action on behalf of persons or entities who purchased or otherwise acquired publicly traded Eros International plc ("Eros" or the "Company") securities between July 28, 2017 and June 5, 2019, inclusive (the "Class Period").

Eros purports to be a leading company in the Indian film entertainment industry that co-produces, acquires, and distributes Indian language films in multiple formats worldwide. Eros International Media Limited ("EIML") is the Company's majority owned subsidiary.

On June 5, 2019, CARE Ratings, India's second largest credit ratings agency, downgraded EIML's credit rating for its long-term loan facilities to "Default" from BBB-because of "delays/default in debt servicing due to slowdown in collection from debtors."

On June 6, 2019, the Company issued a press release in which it admitted that EIML was late on two loan interest payments for April and May 2019.

On this news, the Company's stock fell $3.59 per share, or over 49%, to close at $3.71 per share on June 6, 2019, thereby injuring investors.

The next day, before the market opened, Hindenburg Research published an article entitled "Eros International: On-the-Ground Research, Employee Interviews, and Private Company Documents Expose Egregious Accounting Irregularities." The report alleged that "a significant portion of Eros's receivables don't exist" and that they have documented "multiple undisclosed related party transactions that appear designed to hide receivables."

On this news, the Company's stock fell $0.41 per share, or over 11%, to close at $3.30 per share on June 7, 2019, thereby injuring investors further.

---

[1] This section is adapted from the allegations in the complaints filed in the above-captioned actions.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (i) that Eros's subsidiary, EIML, was experiencing ongoing delays and default in debt servicing due to slowdown in collection from debtors; (2) that, as a result, the Company's financial position was weaker that what it had disclosed; (3) that the foregoing conduct foreseeably would result in a credit downgrade for the Company's subsidiary; and (4) that, as a result, the Company's public statements were materially false and misleading at all relevant times.

## II.    PROCEDURAL BACKGROUND

On June 21, 2019, Paul Montesano commenced the above-captioned case against Eros International plc in this District, *Montesano v. Eros International plc, et al.*, Case No. 2:19-cv-14125 (the "*Montesano* Action").

On June 28, 2019, another action was filed making similar allegations against the same defendants, captioned *Schraufnagel v. Eros International plc, et al.*, Case No. 2:19-cv-14445 (together with the *Montesano* Action, the "Related Actions").

## III.   ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure Rule 42(a) is proper when actions involve common questions of law and fact. *See Nanavati v. Burdette Tomlin Mem'l Hosp.*, 857 F.2d 96, 103 n.3 (3d Cir. 1988).

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and

3

circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Roby v. Ocean Power Techs., Inc.*, No. 14-cv-3799-FLW-LHG, 2015 WL 1334320, at *3 (D.N.J. Mar. 17, 2015) (consolidating actions with "slight differences" because "all actions present similar factual and legal issues," "involve the same subject matter, are based on substantially the same conduct, and largely name the same defendants").

### B.    Movants Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

As set forth below, Movants satisfy all of the PSLRA criteria and have complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movants have, to the best of their knowledge, the largest financial interest in this litigation and meet the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Movants are not aware of any unique defenses Defendants could raise against them that would render them inadequate to represent the Class. Accordingly, Movants respectfully submit that they should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    Movants Filed a Timely Motion

Movants made a timely motion in response to a PSLRA early notice. Montesano commenced the above-captioned action against Eros on June 21, 2019. The same day, pursuant to 15 U.S.C. 78u-4(a)(3)(A)(i), counsel for Montesano published a notice of the pendency of Plaintiff's case on *Business Wire*, announcing that a securities class action had been filed against Defendants herein. *See* Declaration of Donald A. Ecklund ("Ecklund Decl."), Exhibit ("Ex.") A. Therefore, Movants had sixty days or until August 20, 2019, to file a motion to be appointed as Lead Plaintiff.

Here, Movants filed a complaint on August 20, 2019 in the Central District of California asserting the same claims arising from the same factual circumstances and for the same class period as that asserted by the above-captioned actions, which is captioned: *Opus Chartered Issuances S.A., Compartment 127 et al. v. Eros International plc et al.*, Case No. 2:19-cv-07242. Concurrently, Movants filed a motion seeking appointment as lead plaintiff and approval of

5

counsel in the Central District of California.[2]  *See* Ecklund Decl., Ex. F.  Therefore, Movants

motion is timely.  *See Reitan v. China Mobile Games Entm't Grp., Ltd.*, 68 F. Supp. 3d 390, 397

(S.D.N.Y. 2014) (noting that courts consider such motions if "a timely motion was filed

previously, . . . the new motion is not made to manipulate the size of the movant's losses, and . . .

granting the motion would not undermine any of the policies that underlie the PSLRA").[3]

Additionally, as set forth in their PSLRA certifications, Movants attest that they have

reviewed the complaint, adopt the allegations therein, and are willing to serve as representatives

of the class. *See* Ecklund Decl., Ex. B. Accordingly, Movants satisfy the first PSLRA requirement

to be appointed lead plaintiff.

### 2.        Movants Have the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate

plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief

sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii).  At the time of this filing, Movants believe

that they have the largest financial interest among Class members who filed timely applications

for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

Movants purchased Eros securities during the Class Period at prices alleged to be

artificially inflated by Defendants' misstatements and omissions and, as a result, suffered

substantial financial harm.  *See* Ecklund Decl., Ex. C. To the best of their knowledge, Movants are

not aware of any other Class member that has filed a motion for appointment as lead plaintiff who

---

[2] Due to technical issues, Movants were unable to file their motion in this District on August 20, 2019.

[3] *See also GGCC, LLC V. Dynamic Ledger Sols., Inc.*, No. 17-cv-06779, 2018 WL 1388488, at *3-4 (N.D. Cal. Mar. 16, 2018) (appointing lead plaintiff who filed timely motion in related action, rather than the lead action, because the filing is "best understood as a mistake made in good faith rather than as an act of legal gamesmanship").

6

is claiming a larger financial loss.  Movants believe they have the "largest financial interest in the relief sought by the Class." Thus, Movants satisfy the second PSLRA requirement—the largest financial interest—to be appointed as lead plaintiff for the Class.  *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination."  *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010).  At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements.  *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005).

7

### a)    Movants' Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See In re Merck & Co., Inc. Sec.*, No. 05-cv-1151, 2013 WL 396117, at *5 (D.N.J. Jan. 30, 2013). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*. at *7.

Movants' claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movants allege that Defendants' material misstatements and omissions concerning Eros's business, operations, and financial prospects violated the federal securities laws. Movants, like all of the members of the Class, purchased Eros securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Movants' interests and claims are "typical" of the interests and claims of the Class.

### b)    Movants Are Adequate Representatives

The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy. *See In re Pharmaprint, Inc. Sec. Litig.*, No. 00-cv-00061, 2002 WL 31056813, at *6 (D.N.J. Apr. 17, 2002).

Movants have demonstrated their adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and their financial losses ensure that they have sufficient incentive to provide vigorous advocacy. *See* Ecklund Decl., Ex. C. Movants are not aware of any conflict between their claims and those asserted on behalf of the Class.

8

### C.   The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274.  Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  Here, Movants have selected Glancy Prongay & Murray LLP as lead counsel and Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. as liaison counsel. The firms have successfully prosecuted numerous securities fraud class actions on behalf of injured investors. As reflected by the firms' résumés, *see* Ecklund Decl., Exs. D and E, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Movants' selection of counsel.

## IV.   CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court grant their Motion and enter an Order: (1) consolidating the related actions; (2) appointing Movants as lead plaintiff; (3) approving Movants' selection of Glancy Prongay & Murray LLP as lead counsel and Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. as liaison counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

DATED: August 21, 2019

Respectfully submitted,

**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**

By: *s/ Donald A. Ecklund*
James E. Cecchi
Lindsey H. Taylor
Donald A. Ecklund
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994 -1700

*Liaison Counsel for Movants and the Class*

**GLANCY PRONGAY & MURRAY LLP**
Lionel Z. Glancy
Robert V. Prongay
Lesley F. Portnoy
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150

*Proposed Lead Counsel for Movants and the Class*

10