James E. Cecchi
Lindsey H. Taylor
Donald A. Ecklund
**CARELLA, BYRNE, CECCHI,**
**OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700

Lionel Z. Glancy
Robert V. Prongay
Lesley F. Portnoy
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201 – 9150

*Liaison Counsel for Movants and Proposed*
*Liaison Counsel for the Class*

*Counsel for Movants and Proposed Lead*
*Counsel for the Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL MONTESANO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EROS INTERNATIONAL PLC, KISHORE LULLA, PREM PARAMESWARAN, and JYOTI DESHPANDE,<br><br>Defendants. | Case No. 2:19-cv-14125-JMV-JAD |
| JOHN SCHRAUFNAGEL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EROS INTERNATIONAL PLC, KISHORE LULLA, PREM PARAMESWARAN, and JYOTI DESHPANDE,<br><br>Defendants. | Case No. 2:19-cv-14445-KM-JBC |

**OPUS CHARTERED ISSUANCES S.A., COMPARTMENT 127 AND AI
UNDERTAKING IV'S MEMORANDUM OF LAW IN OPPOSITION TO THE
COMPETING MOTIONS FOR APPOINTMENT AS LEAD
PLAINTIFF, AND APPROVAL OF COUNSEL**

Lead Plaintiff Movants Opus Chartered Issuances S.A., Compartment 127 and AI Undertaking IV ("Movants" or "Opus and AI") submit this memorandum of law in opposition to the three competing motions for appointment as lead plaintiff and approval of lead counsel filed by other putative class members (Dkt. Nos. 5, 6, 7).

## I.    INTRODUCTION

Four movants (or movant groups) originally filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The motions were filed by Opus and AI (Dkt. No. 8); Sunil Chirania and Martin Mayer ("Chirania and Mayer") (Dkt. No. 6); Vijay Singh (Dkt. No. 5); and Janine Ellenberger (Dkt. No. 7). Chirania and Mayer, however, filed a notice on September 3, 2019 informing the Court that Chirania and Mayer do not oppose the motion of Opus and AI since Opus and AI "have the largest financial interest." Dkt. No. 10. Similarly, Janine Ellenberger filed a notice on September 3, 2019 informing the Court that she does not oppose the competing motions because "she does not have the largest financial interest in this case." Dkt. No 11. Accordingly, only two competing movants remain.

With respect to the lead plaintiff determination, the question presently before the Court is which of these remaining movants is the "most adequate plaintiff"—*i.e.*, the movant or movant group "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff, and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class" and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted, however, by a showing that the presumptively

1

most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As demonstrated in Movants' memorandum of points and authorities in support of their lead plaintiff motion (Dkt. No. 8-1), Movants have the largest financial interest in the relief sought by the class[1] and satisfy the requirements of Rule 23. As such, Movants are the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Since Movants are the presumptively most adequate plaintiff, and the presumption has not been rebutted, Movants should be appointed lead plaintiff, and their selection of counsel should be approved.[2]

## II.   ARGUMENT

### A.   The PSLRA-Mandated Procedure for Appointing a Lead Plaintiff

The PSLRA directs courts to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," *i.e.*, the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the movant or group of movants that (1) "has either filed the complaint or made a motion," (2) "has the largest financial interest in the relief sought by the class," and (3) "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests

---

[1] Movants' financial interest, as measured by their last-in-first-out ("LIFO") loss, is $586,097.91. *See* Dkt. No. 8-5.

[2] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).

of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

**B.      Opus and AI Are the Presumptively Most Adequate Plaintiff**

Opus and AI satisfy all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). First, Opus and AI filed a complaint in the Central District of California captioned *Opus Chartered Issuances S.A., Compartment 127 v. Eros International PLC et al*, No. 2:19-cv-07242-CAS-SS (C.D. Cal., Aug. 20, 2019) (the "*Opus* Action").[3] Opus and AI also filed a lead plaintiff motion in the *Opus* Action on August 20, 2019.[4] Opus and AI also filed a lead plaintiff motion in this action on August 21, 2019. *See* Dkt. No. 7. Opus and AI intended to file their lead plaintiff motion in this action on August 20, 2019, but did not because of technical difficulties explained in the letter submitted to this Court by Donald A. Ecklund. *See* Dkt. No. 9. Regardless of the filing difficulties in this action, Opus and AI both "filed the complaint" and "made a motion in response to a notice." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Accordingly, Opus and AI satisfy the first requirement to be the presumptively most adequate plaintiff. Second, Opus and AI satisfy the requirements of Rule 23, as demonstrated in Opus and AI's memorandum of law in support of their lead plaintiff motion. *See* Dkt. No. 8-1 at 8-10; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Third, as explained *infra*, Opus and AI have the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

---

[3] Opus and AI are preparing to seek transfer of their related action in the Central District of California to this District.

[4] Opus and AI submitted a copy of their *Opus* Action lead plaintiff motion to this Court. *See* Dkt. No. 8-8.

Although the PSLRA does not mandate a particular method for determining which movant has the largest financial interest, the Third Circuit has concluded that "largest financial interest" means the largest loss. *Roby v. Ocean Power Techs., Inc.*, 2015 WL 1334320, at \*5 (D.N.J. Mar. 17, 2015) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 223 (3d Cir. 2001)). While "the Third Circuit recommends that, in cases that do not present a clear choice as to the largest financial interest, courts should also consider, *inter alia*, (1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs," *Roby*, 2015 WL 1334320, at \*5 (citing *Cendant*, 264 F.3d at 262), "courts in this circuit have accorded the third element, the largest financial loss, the greatest weight." *Id.* at \*5 (citing cases).

There are a variety of accepted ways to calculate the largest financial loss. However, courts in the Third Circuit use either the LIFO method or "first-in, first-out" ("FIFO") method of loss calculation. *See Cortese v. Radian Grp. Inc., S.A.*, 2008 WL 269473, at \*6 (E.D. Pa. Jan.30, 2008) ("Courts have used both methods to calculate financial interest; the Third Circuit has not resolved whether any specific theory should always be used for loss causation analysis."). However, "the overwhelming trend . . . nationwide has been to use LIFO to calculate such losses." *Cha v. Kinross Gold Corp.*, 2012 WL 2025850, at \*3 (S.D.N.Y. May 31, 2012). In this case, each movant's LIFO loss happens to be equal to their FIFO loss.

Here, as illustrated in the following chart, Opus and AI have the largest financial interest under every one of the factors identified above:

[Chart on next Page]

4

| Movant | Shares Purchased | Net Funds Expended | Net Loss[5] |
|---|---|---|---|
| **Opus and AI Total** | **162,960** | **$788,662.21** | **$586,097.91** |
| Opus | 113,960 | $521,443.09 | $412,726.56 |
| AI | 49,000 | $267,219.12 | $173,371.35 |
| ~~Chirania and Mayer Total~~ | ~~96,958~~ | ~~$289,874.99~~ | ~~$226,144.61~~ |
| ~~Martin Mayer~~ | ~~9,000~~ | ~~$96,898.50~~ | ~~$80,028.69~~ |
| ~~Sunil Chirania~~ | ~~87,958~~ | ~~$192,976.49~~ | ~~$146,115.91~~ |
| Vijay Singh | 15,813 | $160,854.36 | $131,214.11 |
| ~~Janine Ellenberger~~ | ~~13,550~~ | ~~$48,805.00~~ | ~~$39,339.16~~ |

In fact, Opus alone has a larger financial interest than every other movant under every factor. Similarly, AI has a larger financial interest than every remaining movant under every factor. This further supports the appointment of Opus and AI as lead plaintiff. *See Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 357 (S.D.N.Y. 2011) ("[T]he degree to which [an individual group member's] losses overshadow those of the other movants further supports the Court's appointment of the [group] as lead plaintiff."); *See Freudenberg v. E\*Trade Fin. Corp.*, No. 07-cv-10400, 2008 WL 2876373, at \*5 (S.D.N.Y. July 16, 2008) ("The appropriateness of [the group's] appointment is further supported by the fact that [a single member's] losses alone would qualify it as the party with the largest financial interest in the litigation."); *Barnet v. Elan Corp.*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (similar).

Since Opus and AI have the largest financial interest in the relief sought by the class, filed a complaint and lead plaintiff motion, and satisfy the requirements of Rule 23, they are the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

---

[5] The loss figures in this chart are normalized using the average closing price between June 6, 2019 and August 19, 2019, inclusive, which was approximately $1.87.

5

**C.      The Presumption that Opus and AI Are the Most Adequate Plaintiff Has Not Been Rebutted**

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No proof has been presented that Opus and AI, who have a relationship that predates this litigation,[6] would be inadequate or subject to unique defenses. As such, Opus and AI should be appointed as lead plaintiff, and no other movant is entitled to consideration. *See Cendant*, 264 F.3d at 268 ("If no class member succeeds in rebutting the presumption, then the district court should appoint the presumptive lead plaintiff as the lead plaintiff.").

**D.      Opus and AI's Selection of Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 274 ("The court should generally employ a deferential standard in reviewing the lead plaintiff's choices."). Here, Movants have selected Glancy Prongay & Murray LLP ("GPM") as lead counsel and Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. ("Carella Byrne") as liaison counsel for the class. Both firms have considerable experience and expertise in the prosecution of securities class actions. The firms possess the skill and resources necessary to efficiently and successfully prosecute this action. *See* Dkt. No. 8-6 (GPM firm resume); Dkt. No. 8-7 (Carella Byrne firm resume). By approving Movants' selection of counsel, the class will receive the highest caliber of

---

[6] Opus and AI share the same asset manager, PP-Asset Management GmbH. Herbert Hakala, who signed the certification on behalf of AI, *see* Dkt. No. 8-4, is also a Managing Director of PP-Asset Management GmbH.

6

legal representation. Accordingly, Movants' selection of lead counsel for the class should be approved.

## III.    CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court enter an Order: (1) consolidating the related actions; (2) appointing Movants as lead plaintiff; (3) approving Movants' selection of Glancy Prongay & Murray LLP as lead counsel and Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. as liaison counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

Dated: September 3, 2019                     Respectfully submitted,

**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**

By:   *s/ Donald A. Ecklund*
James E. Cecchi
Lindsey H. Taylor
Donald A. Ecklund
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994 -1700

*Liaison Counsel for Movants and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Lionel Z. Glancy
Robert V. Prongay
Lesley F. Portnoy
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150

*Counsel for Movants and Proposed Lead Counsel for the Class*