**LEVI & KORSINSKY, LLP**
Eduard Korsinsky (EK-8989)
55 Broadway, 10th Floor
New York, New York 10006
Tel.:  (212) 363-7500
Fax:  (212) 363-7171
Email: ek@zlk.com

*[Additional counsel on signature block]*

*Counsel for Movant Vijay Singh*
*and [Proposed] Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL MONTESANO, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:19-cv-14125-JMV-JAD |
| Plaintiff, | **VIJAY SINGH'S MEMORANDUM OF LAW IN REPLY AND FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS THE LEAD PLAINTIFF** |
| v. | |
| EROS INTERNATIONAL PLC, KISHORE LULLA, PREM PARAMESWARAN, and JYOTI DESHPANDE, | **MOTION DATE: September 16, 2019** |
| Defendants. | |

*[caption continued on next page]*

JOHN SCHRAUFNAGEL, Individually and on Behalf of All Others Similarly Situated,

               Plaintiff,

     v.

EROS INTERNATIONAL PLC, KISHORE LULLA, PREM PARAMESWARAN, and JYOTI DESHPANDE,

               Defendants.

Case No. 2:19-cv-14445-KM-JBC

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................. i

TABLE OF AUTHORITIES ........................................................................ ii

INTRODUCTION .......................................................................................1

ARGUMENT ..............................................................................................2

   I.   The Opus Group Is Not Adequate and Should Not Be Permitted to Serve as Lead Plaintiff. ...................................................................................2

      A.   The Opus Group Is Not Exempt from the Statutory Deadline. .................2

      B.   The Opus Group Does Not Show that It Can Adequately Represent the Class. .....................................................................................................5

CONCLUSION ..........................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*In re Able Labs. Sec. Litig.*,

    425 F. Supp. 2d 562 (D.N.J. 2006)......................................................................4

*Barnet v. Elan Corp.*,

    236 F.R.D. 158 (S.D.N.Y. 2005)........................................................................8

*Broadfoot v. Barrick Gold Corp.*,

    No. 17 CIV. 3507 (NRB), 2017 WL 3738444 (S.D.N.Y. Aug. 9, 2017) ..............9

*In re Cendant Corp. Litig.*,

    264 F.3d 201 (3d Cir. 2001) ..............................................................................5

*Chao Sun v. Han,*

    No. CIV.A. 15-703, 2015 WL 2364937 (D.N.J. May 14, 2015) .........................5

*In re Enzymotec Ltd. Sec. Litig.*,

    No. CIV.A. 14-5556, 2015 WL 918535 (D.N.J. Mar. 3, 2015) ...........................6

*Ferrari v. Gisch*,

    225 F.R.D. 599 (C.D. Cal. 2004).......................................................................4

*Fox v. Am. Airlines*,

    389 F.3d 1291 (D.C. Cir. 2004).........................................................................3

*Freudenberg v. E\*Trade Fin. Corp.*,

    No. CIV A 07 CIV. 10400, 2008 WL 2876373 (S.D.N.Y. July 16, 2008)........7, 8

ii

*Goldstein v. Puda Coal, Inc.*,

    827 F. Supp. 2d 348 (S.D.N.Y. 2011) ...................................................................8

*Graves v. Deutsche Bank Sec., Inc.*,

    No. 07 CIV. 05471 BSJ, 2011 WL 1044357 (S.D.N.Y. Mar. 4, 2011) ................3

*Gutman v. Sillerman*,

    No. 15 CIV. 7192 (CM), 2015 WL 13791788 (S.D.N.Y. Dec. 8, 2015)...............4

*Nasin v. Hongli Clean Energy Techs. Corp.*,

    No. CV 2:17-3244 (WJM), 2017 WL 5598214 (D.N.J. Nov. 21, 2017) ..............6

*Sklar v. Amarin Corp. PLC*, Civil Action No. 13-cv-06663 (FLW)(TJB),

    2014 WL 3748248 (D.N.J. July 29, 2014) .........................................................7

*Smith v. Suprema Specialties, Inc.*,

    206 F. Supp. 2d 627 (D.N.J. 2002)....................................................................7

*In re Stitch Fix, Inc. Secs. Litig.*,

    No. 18-cv-06208-JD, 2019 U.S. Dist. LEXIS 134592 (N.D. Cal. Aug. 9, 2019)..9

*In re Telxon Corp., Sec. Litig.*,

    67 F.Supp.2d 803 (N.D. Ohio 1999) ..................................................................4

*Topping v. Deloitte Touche Tohmatsu CPA*,

    95 F. Supp. 3d 607, 619 (S.D.N.Y. 2015) ..........................................................3

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,

    589 F. Supp. 2d 388 (S.D.N.Y. 2008) ...............................................................5

iii

*W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*,

   No. CIV.A. 13-6731, 2014 WL 1395059 (E.D. Pa. Apr. 10, 2014) ......................5

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii) ................................................................7

**Other Authorities**

Electronic Case Filing Policies and Procedures, 1(k)...................................3

**INTRODUCTION**

The Opus Group's opposition provides no evidence to establish its adequacy. The Opus Group has neither presented a declaration detailing its reasons for missing the statutory deadline nor has it provided any declaration explaining how the group was formed or why it would be able to adequately serve as lead plaintiff, as required under this District's law. Accordingly, the Opus Group's motion should be denied.

Contrary to its claim, the Opus Group does not "satisfy all three requirements to be the presumptively most adequate plaintiff." Opus Group Opposition, ECF No. 12 at 12. *First*, despite admitting that this District is the appropriate venue for this litigation, the Opus Group failed to comply with the strict 60-day statutory filing deadline. The filing of the California complaint does not save their motion as the deadline had already passed in this District and the California action is an admittedly inappropriate venue for this litigation. Indeed, if the Opus Group's argument were allowed to stand, litigants in need of a few extra hours could file in Alaska or Hawaii in order to skirt the statutory requirement.

*Second*, the Opus Group has failed to make any evidentiary showing of their adequacy beyond their initial certifications. The mere unsubstantiated claim (in a footnote no less) that the members of the Opus Group have the same asset manager, PP-Asset Management GmbH, does not suffice. Importantly, the Opus Group does not specify what services PP-Asset Management GmbH provides to the individual

1

Opus Group's members, the extent of the Opus Group member's interactions, or how they coordinated in seeking appointment as the lead plaintiff.

*Third*, the Opus Group's supposed larger financial interest in the case does not outweigh these concerns, especially in light of the fact that Singh sustained a substantial loss in his own right. Singh is the most adequate plaintiff to represent the class as he has the largest financial interest of any competing, qualified and timely movant that has also made the requisite showing of typicality and adequacy. No Class member or movant has even raised an argument in an attempt to rebut this presumption. The Court should grant Singh's motion and deny all others.

**ARGUMENT**

I.     **The Opus Group Is Not Adequate and Should Not Be Permitted to Serve as Lead Plaintiff.**

***A.  The Opus Group Is Not Exempt from the Statutory Deadline.***

The Opus Group has failed to provide any evidence to support its request for relief from violating the statutory deadline. The letter filed by its liaison counsel simply claims that the motion papers were marked as spam. Letter, ECF No. 9 at 1-2. There is no information concerning whether proposed lead counsel attempted to reach liaison counsel "before the midnight deadline" or, for that matter, take any other steps to ensure the timely filing of the lead plaintiff motion in this District. *See id*.

2

In any event, the 60-day statutory deadline is a firm deadline. "Imperfect technology may make a better scapegoat from the family dog in today's world, but not so here." *Fox v. Am. Airlines*, 389 F.3d 1291, 1294 (D.C. Cir. 2004); *see* Electronic Case Filing Policies and Procedures, 1(k) (excluding only technical issues that arise from the Court's own infrastructure and not that of attorneys' equipment). Accordingly, even if the Opus Group had submitted additional information (or will submit additional information in reply), it does not change the fact that its motion was untimely. *See Graves v. Deutsche Bank Sec., Inc.*, No. 07 CIV. 05471 BSJ, 2011 WL 1044357, at *2-4 (S.D.N.Y. Mar. 4, 2011) (declining to extend deadline for technical issues for filing after midnight despite a detailed explanation and appearance that "counsel acted in good faith" because "[t]he reason for the delay was within the reasonable control of counsel").

Nor does the filing of the California complaint change the outcome on this issue. Courts faced with similar situations have found that such efforts to skirt the strict statutory deadline are impermissible. *See*, *e.g.*, *Topping v. Deloitte Touche Tohmatsu CPA,* 95 F. Supp. 3d 607, 619 (S.D.N.Y. 2015) (finding a complaint filed after the deadline would "effectively render the strict timeliness set forth in the PSLRA meaningless, and would nullify Congress's attempt to expedite the lead plaintiff appointment process." (internal quotation marks omitted)); *In re Able Labs. Sec. Litig.*, 425 F. Supp. 2d 562, 565–66 (D.N.J. 2006) ("[t]he plain language of the

3

statute precludes consideration of a financial loss asserted for the first time in a complaint, or any other pleading, for that matter, filed after the sixty (60) day window has closed." (quoting *In re Telxon Corp., Sec. Litig.*, 67 F.Supp.2d 803, 818 (N.D. Ohio 1999)); *Ferrari v. Gisch*, 225 F.R.D. 599, 603 (C.D. Cal. 2004) (same). The Court should find the same here.

Regardless of their reliance upon it, the California complaint is likewise untimely as the 60-day statutory filing deadline applies to all movants and plaintiffs except the plaintiff that filed the first complaint that triggered the PSLRA deadline provisions. *See Gutman v. Sillerman*, No. 15 CIV. 7192 (CM), 2015 WL 13791788, at *2-3 (S.D.N.Y. Dec. 8, 2015) (finding complaint as untimely because the PSLRA provisions in Sections 78u-4(a)(3)(A)(i) and (ii) employ the language "the complaint" and therefore "where there are multiple complaints . . . clause (ii) makes it clear that the first-filed complaint is 'the complaint'– [and] . . . [a]ny subsequently-filed complaints are irrelevant for lead plaintiff purposes.").

Departing from the statutory requirements would set a dangerous precedent in this and other districts. A decision in favor of the Opus Group on this point would sanction future gamesmanship such as filing in jurisdictions with no ties to the litigation solely to revive or extend an otherwise expired 60-day deadline. Courts in California, Hawaii, and Alaska may all be become the venue of choice for untimely movants.

4

## B. The Opus Group Does Not Show that It Can Adequately Represent the Class.

The Opus Group has not made any attempt to satisfy the factors courts in this and neighboring jurisdictions consider when evaluating the adequacy of a group. *See*, *e.g.*, *Chao Sun v. Han,* No. CIV.A. 15-703, 2015 WL 2364937, at *4 (D.N.J. May 14, 2015) (*internal quotation marks omitted)* (citing *In re Cendant Corp. Litig.,* 264 F.3d 201, 266-67 (3d Cir. 2001) (listing factors for evaluating a group's adequacy, including whether the group was "created by the efforts of lawyers."); *Varghese v. China Shenghuo Pharm. Holdings, Inc.,* 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008) (listing additional factors). Quite simply, the Opus Group's motion must be denied because this is not an instance where a group has established its adequacy based on statements in a sworn declaration. *See, e.g., W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. CIV.A. 13-6731, 2014 WL 1395059, at *8, *12 (E.D. Pa. Apr. 10, 2014) (appointing a group of investors based on sworn declarations submitted at the time of the filing of their motion that evidenced that the group was not "lawyer-created," held a conference call to discuss the case, and established procedures for overseeing the litigation and its lawyers, among other things); *In re Enzymotec Ltd. Sec. Litig.*, No. CIV.A. 14-5556, 2015 WL 918535, at *4 (D.N.J. Mar. 3, 2015) (finding group adequate because group included father and

5

son and the joint declaration established that the group would "fairly and adequately" represent the Class).[1]

The only new information provided about the Opus Group's background and/or formation appears in a footnote of the opposition brief, stating that the Opus Group's members "share the same asset manager, PP-Asset Management GmbH. Herbert Hakala, who signed the certification on behalf of AI, . . . , is also a Managing Director of PP-Asset Management GmbH." Opus Group Opposition at 6 n.6. Beyond this singular representation, the Opus Group provides no explanation as to how this constitutes a relationship between the Opus Group's members that pre-dates the litigation let alone establishes their adequacy to serve as group for lead plaintiff purposes. Simply sharing the same service provider does not create a pre-existing relationship that alleviates the concerns of adequacy here. *See Smith v. Suprema Specialties, Inc.,* 206 F. Supp. 2d 627, 637 (D.N.J. 2002) (declining to

---

[1] To this end, the certifications filed in the California action authorize the "filing of a Lead Plaintiff motion" as opposed to a complaint, thus raising additional questions concerning the Opus Group's participation in the action and potential unique defenses. *See Opus Chartered Issuances S.A., Compartment 127 v. Eros International PLC et al.,* 2:19-cv-07242 (C.D. Cal. Aug. 20, 2019), ECF No. 1; *See e.g., Enzymotec,* 2015 WL 918535, at *2 (finding a unique defense and the presumption rebutted when the certification failed "to demonstrate the authority of the signed to take action"); *Nasin v. Hongli Clean Energy Techs. Corp.,* No. CV 2:17-3244 (WJM), 2017 WL 5598214, at *3 (D.N.J. Nov. 21, 2017) ("Absent the required language in its initial certification and the amended certifications being filed after the 60-day deadline, the [movants'] deficient certifications will subject it to a unique defense that renders them 'incapable of adequately representing the class' and, as a result, they are not the presumptively most adequate lead plaintiff.").

appoint group despite movant's submitting joint declaration in support of the group's adequacy because, in part, "the only pre-existing relationship among the various proposed individuals is the fact that they all invested through the same broker.").

The Opus Group attempts to skirt these requirements under the case law on the basis that one of its group members claims to have a larger financial interest in the litigation than Singh (thus relieving it of any evidentiary burden it has in terms of establishing adequacy). This argument controverts the PSLRA, which requires that the movant make a preliminary showing of adequacy and that this preliminary showing not be rebutted. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Sklar v. Amarin Corp. PLC*, Civil Action No. 13-cv-06663 (FLW)(TJB), 2014 WL 3748248, at *4-5 (D.N.J. July 29, 2014).

The Opus Group's authorities cited for this premise offer no support and are clearly distinguishable. In *Freudenberg v. E*Trade Fin. Corp.*, No. CIV A 07 CIV. 10400, 2008 WL 2876373 (S.D.N.Y. July 16, 2008), the members of the group that were ultimately appointed by the court as the lead plaintiff had submitted a declaration with their opening papers that established their adequacy due to the "longstanding pre-litigation relationship and a clear understanding as to consultation, information sharing, and management of the litigation." *Id.* at *5. The fact that one of the members had the largest financial interest of any competing

movant just "further supported" the court's finding that the group would adequately represent the interests of the class. *Id.*

Likewise, in *Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348 (S.D.N.Y. 2011), each member of the appointed group submitted a declaration detailing:

> why the individual members chose to work as a group; how the group intends to function collectively, including how they plan to communicate; the protocol the group will use to address disagreements; background information regarding individual members of the group; and the members' willingness to accept the role and responsibilities of lead plaintiff.

*Id.* at 356. Citing *Freudenberg*, the court held that one group member's losses being larger than the competing movants only "further supports" the finding of adequacy. *Id.* at 357.[2]

Here, in absence of establishing their adequacy, a group member having the largest financial interest of any competing movant does not establish the group's

---

[2] *Barnet v. Elan Corp.*, 236 F.R.D. 158 (S.D.N.Y. 2005), is also of no assistance to the Opus Group. First, in *Barnet,* the group was one of three movants that originally sought appointment as the lead plaintiff. One of these original movants filed a non-opposition to the group's motion and the other movant failed to file an opposition. The group's motion, therefore, was unopposed. *See* Notice Of Non-Opposition To The Institutional Investor Group's Motion For Consolidation, Appointment As Lead Plaintiff And For Approval Of Selection Of Co-Lead Counsel, *Barnett v. Elan Corp., P.L.C.*, 1:05-cv-02860-RJH (S.D.N.Y. May 24, 2016), ECF No. 16. As such the court evaluated the group on other factors, such as the qualification of the proposed counsel, the size of the group, and potential conflicts among the members. *Barnet,* 236 F.R.D. at 163. Notably, the court also reserved the right to modify the lead plaintiff structure at a future date. *Id.*

8

adequacy. *See In re Stitch Fix, Inc. Secs. Litig.,* No. 18-cv-06208-JD, 2019 U.S. Dist.

LEXIS 134592, at *5-7 (N.D. Cal. Aug. 9, 2019) (denying motion of a group despite

group member having largest financial interest of any competing movant).

## CONCLUSION

Singh respectfully requests that it grant his motion in its entirety and deny

the motions of all other movants.[3]

Dated: September 10, 2019          Respectfully submitted

                                   **LEVI & KORSINSKY, LLP**

                                   /s/ Eduard Korsinsky
                                   Eduard Korsinsky
                                   55 Broadway, 10th Floor
                                   New York, New York 10006
                                   Tel.:  (212) 363-7500
                                   Fax:  (212) 363-7171
                                   Email: ek@zlk.com

                                     -and-

                                   Nicholas I. Porritt
                                   Adam M. Apton
                                   Alexander A. Krot III
                                   LEVI & KORSINSKY, LLP
                                   1101 30th Street NW, Suite 115

---

[3] The Opus Group's opposition also fails to alleviate the need for discovery at this procedural stage. If, however, the Court is still inclined to appoint to the Opus Group as the lead plaintiff despite this lack of information, the Court should permit Singh to undertake limited discovery into the adequacy of the Opus Group to represent the Class prior to the Court rendering its decision. *See Broadfoot v. Barrick Gold Corp.,* No. 17 CIV. 3507 (NRB), 2017 WL 3738444, at *1 (S.D.N.Y. Aug. 9, 2017) (granting competing movant's request for discovery in part because"[a]s a matter of case management, it would be preferable to engage now in a fuller examination of this question.").

Washington, DC 20007
Tel: (202) 524-4290
Fax: (202) 333-2121
Email: nporritt@zlk.com
Email: aapton@zlk.com
Email: akrot@zlk.com
(*pro hac vices to be submitted)

*Counsel for Movant Vijay Singh and
Proposed Counsel for the Class*

## CERTIFICATE OF SERVICE

I, Eduard Korsinsky, hereby certify that on September 10, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

*/s/Eduard Korsinsky*
Eduard Korsinsky