# EXHIBIT 6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |  |
|---|---|---|
|  | x |  |
| In Re EROS INTERNATIONAL SECURITIES LITIGATION | : : | Case No.: 15 Civ. 08956 (AJN) |
|  | : |  |
|  | : | **ORAL ARGUMENT REQUESTED** |
| This Document Relates To:  ALL ACTIONS | : : |  |
|  | : |  |
|  | x |  |

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'**
**AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

Defendants Eros International Plc ("Eros" or the "Company"), Kishore Lulla, Jyoti Deshpande, Andrew Heffernan, and Prem Parameswaran (collectively, the "Individual Defendants" and, together with Eros, "Defendants") submit this memorandum of law in support of their motion to dismiss Plaintiffs' Amended Consolidated Class Action Complaint (ECF No. 68) (the "Amended Complaint") pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(2), 12(b)(6) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 ("PSLRA").[1]

## PRELIMINARY STATEMENT

Defendants' prior motion to dismiss identified numerous public disclosures—which Plaintiffs strategically omitted from their original pleading—to debunk Plaintiffs' core allegation that Eros overstated the number of users who registered for its streaming film service, Eros Now. *See* Dkt. No. 60. Rather than oppose Defendants' motion, Plaintiffs notified the Court of their intention to amend. *See* Dkt. No. 66. Despite having ample time to bolster their allegations, Plaintiffs' Amended Complaint strays even further from stating a viable securities fraud claim. Indeed, as discussed herein, Plaintiffs now abandon their discredited theory for newfound allegations that Indian technology precludes the "meaningful" use of Eros Now, while only superficially amending their contention that Defendants misstated the number of films Eros released in 2014 and 2015. But Plaintiffs fail to allege *any* actionable misstatements pertaining to these assertions, or plead any specific facts indicating that Defendants actually knew any material information at odds with their public representations.

It is not surprising that Plaintiffs' claims are unraveling given the history of this case. Beginning in October 2015, Eros's share price lost nearly 80% of its value, prompted by an

---

[1] Citations to "¶¶ __" refer to paragraph numbers of the Amended Complaint. "Ex. __" refers to exhibits of the declaration of Michael J. Bowe in support of Defendants' motion to dismiss the Amended Complaint. "Plaintiffs" refer to lead plaintiffs Fred Eisner and Strahinja Ivoševič.

anonymous and self-interested short-seller who disseminated a series of false rumors and misinformation about Eros's business and accounting practices.  In response, Eros's Audit Committee promptly hired Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") to conduct an internal review, Ex. 1 (11/2/15 Press Release) at 1, which concluded five months later that Eros did not commit any wrongdoing.  Ex. 2 (3/21/16 Press Release) at 1.[2]

Without even waiting for the completion of the internal review, five different shareholders flocked into court to re-package the short seller's baseless attacks into allegations of accounting fraud.  Following their appointment as Lead Plaintiffs for the Class, Plaintiffs filed a Consolidated Complaint that abandoned the short-seller's accounting fraud allegations but continued to parrot many of his or her other negative attacks.  The Amended Complaint now discards even more of the short-seller's baseless accusations, and the allegations that remain do not come close to satisfying the rigid pleading requirements of Rule 9(b) and the PSLRA.

First, Plaintiffs do not allege any plausible evidence that Defendants made an actionable misstatement, and continue to ignore a litany of public disclosures that disprove their accusations of fraud.  For example, Plaintiffs do not allege **any** affirmative misrepresentations in support of their newfound theory that Eros Now's users were "technologically unable to make any meaningful use of Eros Now's services."  ¶ 84.  In fact, any such allegation would defy logic, as Defendants repeatedly cautioned investors that the state of Indian technology could affect Eros Now's services.  *See* Section I(A), *infra*.  Likewise, Plaintiffs allege that Defendants lied about the number of films that Eros added to its film slate during 2014 and 2015, yet continue to ignore that

---

[2]  The Court may "consider any written instrument attached to the [C]omplaint, statements or documents incorporated into the [C]omplaint by reference, . . . public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." *Kleinman v. Elan Corp., plc*, 706 F.3d 145, 152 (2d Cir. 2013).

Eros's SEC filings specifically disclosed that its annual slate of film releases includes both new movies that it co-produces, as well as older films that Eros *acquires* from third parties, which comprise "*over 90% of [its] film content*." *See* Section I(B), *infra*.

Second, Plaintiffs fail to allege any particularized facts that raise a strong inference that Defendants either knowingly or recklessly committed securities fraud. Instead, the Amended Complaint continues to strain credulity by invoking the Lulla family's "extensive related-party transactions. ¶¶ 52-57. Once again, however, Plaintiffs ignore that *all* of these transactions were fully disclosed in Eros's SEC filings, mostly predate the Class Period, and are entirely unrelated to the alleged misstatements. Lacking any viable motive theory, Plaintiffs are left to rely upon a series of conclusory assertions provided by two confidential witnesses, none of which allege "what [Defendants] knew, when they learned it, or from whom." *In re BioScrip, Inc. Sec. Litig.*, 95 F. Supp. 3d 711, 724 (S.D.N.Y. 2015) (Nathan, J.) (finding that conclusory statements of confidential witnesses do not raise a strong inference of scienter). *See* Section II, *infra*.

Third, Plaintiffs' loss causation allegations continue to run afoul of controlling law, as the allegedly corrective disclosures rely entirely upon public information to cast a negative light on Eros's prior disclosures. In the Second Circuit, however, "[a] negative journalistic characterization of previously disclosed facts does not constitute a corrective disclosure of anything but the journalists' opinion." *Fila v. Pingtan Marine Enter., Ltd.*, 2016 WL 3962015, at *5 (S.D.N.Y. July 19, 2016 (Nathan, J.) (quoting *In re Omnicom Grp., Inc. Sec. Litig.*, 597 F.3d 501, 512 (2d Cir. 2010)). Moreover, Plaintiffs fail to allege *any* causal connection between the so-called "meaningful" use of Eros Now and any of the allegedly corrective disclosures. *See* Section III.

For these reasons, the Court should dismiss the Amended Complaint with prejudice.

3