James E. Cecchi
Lindsey H. Taylor
Donald A. Ecklund
**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700

*Liaison Counsel for Plaintiffs*

Kara M. Wolke
Leanne H. Solish
Raymond D. Sulentic
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150

*Lead Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE EROS INTERNATIONAL PLC SECURITIES LITIGATION | Case No. 2:19-cv-14125 (JMV) (JAD) |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE

Lead Plaintiffs Opus Chartered Issuances S.A., Compartment 127 and AI Undertaking IV ("Plaintiffs") respectfully submit this memorandum of law in support of their Motion to Strike Extraneous Materials Submitted In Support Of Defendants' Motion to Dismiss ("Motion" or "Mot.," Dkt. No. 37) the Consolidated Class Action Complaint ("Complaint," Dkt. No. 34).[1]  Plaintiffs ask that the Court strike four exhibits attached to the Declaration of Christos G. Papapetrou ("Papapetrou Declaration," Dkt. No. 37-2) and the arguments in Defendants' motion to dismiss that rely on them.

## I.    INTRODUCTION

In deciding a Rule 12(b)(6) motion to dismiss under a §10(b) action, courts must "accept all factual allegations in the complaint as true."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007).  While Defendants are free to argue competing inferences derived from these facts in their Motion, such inferences must be "rationally drawn from the facts alleged."  *Id*. at 314.  Here, however, Defendants try to introduce matters and facts extraneous to the Complaint by referring to and relying on four documents in their Motion, even though these documents were neither explicitly referred to nor relied on in the Complaint.  For example, Defendants rely on a Moody's Policy for Withdrawal of Credit Ratings that went into effect on January 2, 2020.  *See* Mot. at 22-23; Mot.

---

[1] Unless otherwise indicated, "¶_" are citations to the Complaint.

1

Ex. 17.   This policy went into effect months after the Class Period, and is a different version than the Moody's Policy relied on in the Complaint.[2]   Defendants also inappropriately introduce two short seller reports and excerpts from their memorandum of law to support a motion to dismiss filed in a *different action* brought against Defendants.  *See* Mot. at 5-6; Mot. Exs. 4-6.   These documents are not referred to or incorporated by reference within the Complaint.   Relying on Exhibit 6 also contravenes Local Rule 7.2(a), which prohibits factual and legal arguments in affidavits and declarations.  *See* Local Rule 7.2(a).

As a result, these four exhibits should be stricken from the record and the arguments that rely on them are inappropriate for consideration on Defendants' Motion.

## II.   LEGAL STANDARD

In deciding a Rule 12(b)(6) motion "a court … consider[s] only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  *Hartig Drug Co. Inc. v. Senju Pharm. Co. Ltd.*, 836 F.3d 261, 268 (3d Cir. 2016) (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).

---

[2] The version Defendants seek to introduce did not even exist as of the time that Defendants made their false statements because Defendants' version went into effect in January 2020 and the statements at issue were made in July 2019 about a withdrawal that was made in June 2019.  ¶¶78-84, 18,186.

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d).

The Third Circuit allows an exception to the general rule: a "document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Burlington*, 114 F.3d at 1426. If the complaint does not explicitly refer to, or cite the document, then the Court will ask "whether the claims in the complaint are based on an extrinsic document and not merely whether the extrinsic document was explicitly cited." *Id*. at 1426 (emphasis added); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.").

3

## III.   FOUR OF DEFENDANTS' EXHIBITS SHOULD BE STRICKEN

### A.   Exhibits 4, 5, 6, and 17 Should Be Stricken Because They Are Extraneous Documents That Do Not Qualify Under Any Of The Exceptions

Defendants' Exhibits 4, 5, and 6 – two analyst reports and excerpts from a legal brief in *another* matter – are extraneous documents that are not in relied on in any way in the Complaint, nor are they integral to the claims in the Complaint, and therefore, do not qualify for any exception to the general rule against extraneous documents. *Burlington*, 114 F.3d at 1426. While Defendants *may* attach an exhibit to a motion to dismiss that is not explicitly referenced in the Complaint *if* the Plaintiffs' claims are based on that exhibit, *Intergroup Corp. v. Equinox Bus. Credit Corp.*, 2005 WL 3274544, at *2 (D.N.J. Sept. 27, 2005), such is not the case here. The Complaint lacks any reference to either of the reports or the previous action. Nor do Plaintiffs base any of their claims on these documents. As a result, these three exhibits should be stricken from the record.

Similarly, Defendants' Exhibit 17 – a Moody's Investor Service Policy For Withdrawal of Credit Ratings, effective January 2, 2020 – is likewise not relied on in the Complaint. The Complaint does rely on Moody's Investor Service Policy For Withdrawal of Credit Ratings (*see* ¶¶78-84, 183,186). Instead, it relies on the version of this policy effective June 29, 2018, which was the policy in effect as of July 2019 when Defendants made certain statements that Plaintiffs allege

4

contradicted Moody's withdrawal policy.  As part of their accompanying opposition to Defendants' Motion, Plaintiffs are attaching the policy quoted in the Complaint and in effect at the time of the alleged false statements.  In their Motion, Defendants use Exhibit 17 to argue that there is more ambiguity than pleaded by emphasizing the word "often," that does not appear in the policy in place at the time of their statements.  Mot. at 22-23.

In sum, Plaintiffs' claims are not based on Exhibit 17, and accordingly, Plaintiffs respectfully request that the Court strike it from the record.

### B.  Exhibit 6 Should Also Be Stricken Because It Contains Legal Arguments Prohibited by Local Rule 7.2(a)

Local Rule 7.2(a) prohibits argument of the facts and the law in affidavits and declarations.  Exhibit 6 is an excerpt from Defendants' legal arguments submitted to the Southern District of New York in seeking to dismiss a previously securities fraud action.  *See* Mot. at 6; Mot. Ex. 6.  This document violates Local Rule 7.2(a), which requires a court to disregard "[l]egal arguments and summations" in a declaration and further states that "[a]rgument of the facts and the law shall not be contained in such documents."  As a result, Plaintiffs respectfully request that the Court strike Exhibit 6 from the record for this additional reason.

## IV.    CONCLUSION

For the reasons stated above, Plaintiffs request that Exhibits 4, 5, 6, and 17 be stricken from the record.

Dated: October 14, 2020

Respectfully submitted,

**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**

By:    *s/ Donald A. Ecklund*
James E. Cecchi
Lindsey H. Taylor
Donald A. Ecklund
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994 -1700

*Liaison Counsel for Plaintiffs and the Proposed Class*

**GLANCY PRONGAY & MURRAY LLP**
Kara M. Wolke (*pro hac vice*)
Leanne H. Solish (*pro hac vice*)
Raymond D. Sulentic (*pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150

*Lead Counsel for Plaintiffs and the Proposed Class*

6

**PROOF OF SERVICE**

On October 14, 2020, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the District of New Jersey, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury that the foregoing is true and correct.

Dated: October 14, 2020.

*s/ Donald A. Ecklund*
Donald A. Ecklund

7