# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE EROS INTERNATIONAL PLC SECURITIES LITIGATION | Civil Action No. 19-CV-14125 (JMV)(JAD)<br><br>ECF Case<br><br><br>Motion Return Date: November 16, 2020 |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE EXTRANEOUS MATERIALS SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT**

LEVINE LEE LLP

Kenneth E. Lee
Christos G. Papapetrou
Chad P. Albert
650 Fifth Avenue, 13th Floor
New York, New York 10019
Telephone: (212) 223-4400
Facsimile: (212) 223-4425
klee@levinelee.com
cpapapetrou@levinelee.com
calbert@levinelee.com

*Attorneys for Defendants Eros International Plc, Kishore Lulla, and Prem Parameswaran*

Defendants Eros International Plc, Kishore Lulla, and Prem Parameswaran ("Defendants") respectfully submit this memorandum of law in opposition to Lead Plaintiffs Opus Chartered Issuances, S.A., Compartment 127 and AI Undertaking IV's ("Plaintiffs") Motion to Strike Extraneous Materials Submitted in Support of Defendants' Motion to Dismiss the Consolidated Class Action Complaint (ECF No. 39).

## INTRODUCTION[1]

Plaintiffs' motion to strike is dead on arrival. The motion does not contain any legal authority supporting the requested relief—*i.e.*, striking exhibits and arguments from Defendants' Motion to Dismiss. While styled as a motion to strike, Plaintiffs do not cite Federal Rule of Civil Procedure ("Rule") 12(f) and its strict standard for striking pleadings. Nor do Plaintiffs cite to a single case or rule addressing any motion to strike standard. The reason Plaintiffs neglect to address *any* law concerning motions to strike is two-fold: (1) several courts in this District have held that motions to strike dispositive motions or exhibits to a motion to dismiss are procedurally inappropriate under Rule 12(f); and (2) under Rule 12(f)'s strict application, motions to strike are "disfavored" and permitted only for material that is "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party, none of which applies here. Plaintiffs' motion—if it were made pursuant to Rule 12(f)—fails for both of these reasons.

Instead, while styling their application as a motion to strike, Plaintiffs set forth Rule 12(b)(6)'s standard concerning the materials the Court may consider in evaluating a motion to dismiss. That is plainly the wrong standard and should be rejected. Even under the Rule 12(b)(6) standard, however, each of Plaintiffs' arguments fails. As discussed below, the four exhibits Plaintiffs challenge are indisputably authentic, publicly available documents that are

---

[1] Capitalized terms not otherwise defined have the same meaning as defined in Defendants' Motion to Dismiss the Consolidated Complaint (the "Motion to Dismiss") (ECF No. 37-1).

appropriate for the Court's consideration at the motion to dismiss stage. Moreover, the Court may also take judicial notice of all four documents.

At bottom, Plaintiffs are attempting to use a "motion to strike" as an opportunity to further expand on arguments that should be contained in their opposition to Defendants' Motion to Dismiss. This should not be countenanced. For that reason, and because it has no basis in law or fact, Plaintiffs' motion to strike should be denied.

## ARGUMENT

### I. Plaintiffs Provide No Legal Authority to Support Their Motion to Strike

Plaintiffs do not provide a single legal authority supporting their motion to strike. They do not cite Rule 12(f), which governs motions to strike, or any other legal authority permitting the striking of exhibits. Instead of addressing the correct law regarding motions to strike, Plaintiffs filed a motion to strike without any relevant law at all. That alone is sufficient for this Court to deny the motion. *See Birch-Min v. Middlesex Cnty. Bd. of Soc. Servs.*, No. 14-476, 2017 WL 1034371, at *3 (D.N.J. Mar. 16, 2017) (denying motion to strike where "Plaintiff has not provided any factual or legal authority to support her argument").

At base, Rule 12(f) provides a vehicle to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter"—but motions to dismiss, or exhibits attached thereto, are not "pleadings" to which a motion to strike may apply. *Id.* (denying motion to strike where "Plaintiff [made] no effort to address the requirements of Rule 12(f), and offer[ed] no authority to justify an expanded application of Rule 12(f) to a dispositive motion"); *In re Schering-Plough Corp./Enhance Sec. Litig.*, No. 08-CV-397, 2009 WL 1410961, at *2 (D.N.J. May 19, 2009) ("Rule 12(f) speaks only in terms of striking matters from 'a pleading,' and makes no provision for materials attached to, for example, motions to dismiss or to strike. Accordingly, because Plaintiffs attempt to strike declaration exhibits attached to Defendants' motions, rather

2

than to parts of a pleading, Plaintiffs' motion to strike is procedurally incorrect and should be denied." (citing *Faulman v. Sec. Mut. Fin. Life Ins. Co.*, No. 04-5083, 2006 WL 2482926, at *3 (D.N.J. Aug. 28, 2006))); *see also Berkery v. Equifax Info. Serv. LLC*, 429 F. Supp. 3d 24, 30 (E.D. Pa. 2019) ("Significantly, Rule 12(f) applies to pleadings, and motions, briefs, or memoranda, objections, or affidavits may not be attacked by the motion to strike." (citation omitted)). Plaintiffs' motion to strike exhibits supporting a motion to dismiss is thus procedurally improper and should be denied on that basis alone.

Moreover, even if Plaintiffs had cited to Rule 12(f), and even if Rule 12(f) could apply to exhibits supporting a motion to dismiss, Plaintiffs' motion would still fail. Motions to strike are "usually 'viewed with disfavor,'" and Plaintiffs have made no argument that would support this "drastic" remedy. *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002) (citations omitted); *see, e.g.*, *Breslin v. Dickinson Twp.*, No. 09-CV-1396, 2012 WL 7177278, at *1 n.6 (M.D. Pa. Mar. 23, 2012) ("In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both 'redundant, immaterial, impertinent, or scandalous' and prejudicial to the opposing party." (citation omitted)).

Rather than grapple with the relevant Rule or case law, Plaintiffs cite generally to Rule 12(b)(6)'s standard for motions to dismiss as the legal standard for their motion to strike. (*See* ECF No. 39-1, at 1-3.) As discussed below, under a Rule 12(b)(6) analysis (which has nothing to do with striking exhibits), these four exhibits are appropriate for the Court's consideration. But that is beside the point. Nothing in Rule 12(b)(6) or any of the cases that Plaintiffs cite addresses a motion to strike, and any argument that the exhibits at issue should not be considered as part of a Rule 12(b)(6) analysis is not properly raised through a motion to strike. Ultimately, Plaintiffs

3

do not address Rule 12(f) or even attempt to argue that the contested exhibits meet Rule 12(f)'s exacting requirements. Accordingly, the Court should deny the motion.

## II. Pursuant to Rule 12(b)(6), the Court May Properly Consider Each Contested Exhibit in Connection with Defendants' Motion to Dismiss

As discussed above, Plaintiffs have failed to articulate any legal or factual basis to support the drastic recourse of striking Defendants' Exhibits 4, 5, 6, and 17 (the "Exhibits"). As the law reflects, moving to strike the Exhibits is procedurally improper, and even if Rule 12(f) did apply, Plaintiffs have not met that high standard. Regardless, the Exhibits can be appropriately considered as part of the Motion to Dismiss because they are either public documents that can be judicially noticed or are incorporated by reference into the Complaint.

### Defendants' Exhibits 4, 5, and 6 (Court Records from Prior Action)

In their Motion to Dismiss, Defendants directed the Court to a recent decision from the Southern District of New York dismissing a putative class action complaint against Defendants sharing similarities with this case. (*See* ECF No. 37-1, at 5-6 (discussing *In re Eros Int'l Sec. Litig.*, No. 15-CV-8956, 2017 WL 6405846, at *9 (S.D.N.Y. Sept. 22, 2017)).) Like here, that complaint alleged fraud dealing with, among other things, related-party transactions; and, like here, it based its allegations on unreliable anonymous sources and short-seller articles. Exhibits 4 and 5, which were filed as exhibits in that SDNY litigation, are examples of the short-seller reports relied upon in the Prior Action. As explained in the Motion to Dismiss (ECF No. 37-1, at 5-6), Defendants provided these publicly filed exhibits to the Court to simply illustrate the similarity between the cases. Relatedly, Exhibit 6 is an excerpt from Defendants' motion to dismiss in the Prior Action, which was provided to illustrate that similar issues regarding short sellers were raised in that case as well. Defendants did not argue in their motion that dismissal should be based upon those exhibits; rather, they were provided as context to the Court in analyzing a legal authority,

4

*i.e.*, the Southern District of New York's dismissal with prejudice of a similar putative class action against Defendants.[2]

While Plaintiffs contend that the exhibits should be stricken, they do not cite to Rule 12(f) and do not argue that the materials are "redundant, immaterial, impertinent, or scandalous," as required for striking a pleading under Rule 12(f). Nor do Plaintiffs cite to cases analyzing motions to strike. Instead, Plaintiffs direct the Court to *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997), and *Intergroup Corp. v. Equinox Bus. Credit Corp.*, No. 04-CV-4591, 2005 WL 3274544, at *2 (D.N.J. Sept. 27, 2005). These cases are inapposite, as neither case deals with a motion to strike. Moreover, the *Burlington* court ruled that the exhibits at issue were, in fact, properly considered on a Rule 12(b)(6) motion, *Burlington*, 114 F.3d at 1426, and the *Intergroup* court likewise referenced and considered an affidavit by a defendant in granting a motion to dismiss, *Intergroup*, 2005 WL 3274544, at *4.

Ultimately, these three exhibits are relevant because they provide the Court context for a recent SDNY dismissal decision that is very similar to this case. All three exhibits are publicly available, and the Court, if it deems it necessary, may take judicial notice of these exhibits. *Johnson v. Shop-Vac Corp.*, No. 19-CV-14834, 2020 WL 3496957, at *4-5 (D.N.J. June 29, 2020) (taking judicial notice of court records filed in a previous federal action). Regardless of whether the Court ultimately considers the exhibits in evaluating Defendants' Rule 12(b)(6) motion, there is no basis to strike these exhibits.

---

[2] Plaintiffs also assert that Defendants violated Local Rule 7.2, which prohibits "argument of the facts and the law" in a declaration. (*See* ECF No. 39-1, at 5.) That is not a fair characterization of Defendants' Motion to Dismiss or accompanying Declaration. Defendants did not make any legal or factual arguments in the Declaration.

### **Defendants' Exhibit 17 (Moody's Withdrawal Policy)**

Defendants' Exhibit 17 is Moody's current Investor Service Policy For Withdrawal of Credit Ratings, effective January 2, 2020. (*See* ECF No. 37-19 (Papapetrou Decl. Ex. 17).) For the reasons discussed above, Plaintiffs have failed to set forth any legal or factual support for striking this exhibit, and their motion should be denied.

Further, Plaintiffs' Rule 12(b)(6) arguments likewise fail. Plaintiffs concede that their Complaint relies on Moody's withdrawal policy. (ECF No. 39-1, at 4 ("The Complaint does rely on Moody's Investor Service Policy for Withdrawal of Credit Ratings.").) Indeed, the Complaint repeatedly cites to Moody's withdrawal of Eros's credit rating "for its own business reasons" as one of the main areas in which Defendants allegedly made misrepresentations or omissions. (*See, e.g.*, Compl. ¶¶ 17, 83, 183, 186.) Specifically, Plaintiffs asserted that "According to Moody's policy for withdrawal of credit ratings, when Moody's indicates that a credit rating is withdrawn for business reasons, this refers to [Moody's] business reasons, not the business reasons of the Rated Entity or obligor." (Compl. ¶¶ 183, 186 (internal quotation marks omitted) (alteration in original).) Notably, while Plaintiffs repeatedly cited the policy in the Complaint, they did not attach any version of the policy to the pleading.

Plaintiffs argue that Moody's current policy is irrelevant and that the Court should strike it from the record, limiting itself to only Moody's prior policy from 2018. This argument should be rejected. First, Plaintiffs' allegations in the Complaint refer to Moody's policy in the present tense, *i.e.*, as of July 1, 2020, and Defendants should be permitted to respond to that specific allegation. Second, as reflected in Defendants' Motion to Dismiss, Moody's policy is not as unambiguous as Plaintiffs allege because Moody's current policy further clarifies the "business reasons" definition.

(ECF No. 37-1, at 22-23.) The Court should be permitted to evaluate Moody's policy—which Plaintiffs concede is critical to their claims—by reviewing the entire context of that policy.

Proving Defendants' point, in their motion to strike, Plaintiffs cite *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), which held that "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." (ECF No. 39-1, at 3.) Here, Plaintiffs concede that their allegations are based in part on this policy, and the document is undisputedly authentic. Therefore, it is appropriate to consider as part of the Motion to Dismiss. Moreover, to the extent the Court deems necessary, it can take judicial notice of the Moody's policy or consider it incorporated by reference, as it refers to a policy that Plaintiffs concede is integral to their claims and cited in the Complaint. *See In re Burlington*, 114 F.3d at 1426 ("Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them."); *In re Vicuron Pharm., Inc. Sec. Litig.*, No. 04-2627, 2005 WL 2989674, at *3 (E.D. Pa. July 1, 2005) (taking judicial notice of "reference texts" that provide definitional information for a technical term used in the complaint); *D.M. ex rel. Ray v. Philadelphia Hous. Auth.*, 613 F. App'x 187, 189 (3d Cir. 2015) (explaining that a court may consider on a motion to dismiss, among other items, "any matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record" (alteration in original) (quoting *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006))).

In any event, Plaintiffs motion *to strike* fails. As discussed above, Plaintiffs cite no legal authority for striking this exhibit—to the contrary, they concede the document is authentic and publicly available and that the policy is germane to their claims—thus making it entirely appropriate for consideration on Defendants' Motion to Dismiss.

7

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' motion to strike.

Dated: New York, New York

November 2, 2020

                        LEVINE LEE LLP

                        By:   */s/ Christos G. Papapetrou*
                              Kenneth E. Lee (*pro hac vice*)
                              Christos G. Papapetrou
                              Chad A. Albert (*pro hac vice*)
                              650 Fifth Avenue, 13th Floor
                              New York, New York 10019
                              Telephone:  (212) 223-4400
                              Facsimile:  (212) 223-4425
                              klee@levinelee.com
                              cpapapetrou@levinelee.com
                              calbert@levinelee.com

                              *Attorneys for Defendants Eros International Plc, Kishore Lulla, and Prem Parameswaran*

## PROOF OF SERVICE

I, Christos Papapetrou, hereby certify that on November 2, 2020, a copy of Defendants Eros International Plc, Kishore Lulla, and Prem Parameswaran's Memorandum of Law in Opposition to Plaintiffs' Motion to Strike Extraneous Materials Submitted in Support of Defendants' Motion to Dismiss the Consolidated Class Action Complaint, was served via ECF on the following persons:

| | |
|---|---|
| Donald A. Ecklund | Kara M. Wolke |
| CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C. | Leanne H. Solish |
| | GLANCY PRONGAY & MURRAY LLP |
| 5 Becker Farm Road | 1925 Century Park East, Suite 2100 |
| Roseland, NJ 07068 | Los Angeles, California 90067 |
| Tel: (973) 994-1700 | Tel: (310) 201-9150 |
| Fax: (973) 994-1744 | Fax: (310) 201-9160 |
| Email: decklund@carellabyrne.com | Email: kwolke@glancylaw.com |
| | lsolish@glancylaw.com |

Dated:  November 2, 2020

*/s/ Christos G. Papapetrou*
Christos G. Papapetrou