James E. Cecchi
Lindsey H. Taylor
Donald A. Ecklund
**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700

*Liaison Counsel for Plaintiffs*

Kara M. Wolke
Leanne H. Solish
Raymond D. Sulentic
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150

*Lead Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE EROS INTERNATIONAL PLC SECURITIES LITIGATION | Case No. 2:19-cv-14125 (JMV) (JAD)<br><br>Motion Date: November 16, 2020 |

## REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO STRIKE

Lead Plaintiffs Opus Chartered Issuances S.A., Compartment 127 and AI Undertaking IV ("Plaintiffs") respectfully submit this reply in further support of their Motion to Strike (Dkt. No. 39, "Motion" or "MTS").

## I.   INTRODUCTION

Defendants'[1] Opposition to Plaintiffs' Motion to Strike (Dkt. No. 40, "Opposition" or "Defs. Opp. MTS") fails to acknowledge that the documents Plaintiffs seek to strike are relied on to contest the well-pleaded allegations in the Consolidated Class Action Complaint (Dkt. No. 34, "Complaint") – a tactic which is not permitted on a motion to dismiss under any standard. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Defendants improperly offer Exhibits 4, 5, and 6, excerpts of their motion to dismiss in a previous securities matter against Eros and exhibits filed in that litigation, to offer "context" to the Court in analyzing the dismissal of this previous action.   Defs. Opp. MTS at 4-5.   These extraneous documents, including Defendants' legal arguments in another matter, do not qualify under any exceptions for consideration on a motion to dismiss.

Defendants also improperly offer Exhibit 17, an extraneous policy from the

---

[1] The term Defendants includes Eros International Plc ("Eros" or the "Company"), Kishore Lulla ("Lulla"), and Prem Parameswaran ("Parameswaran").   Unless otherwise noted, all capitalized terms have the same meanings as in Plaintiffs' Opposition to Defendants' Motion to Dismiss (Dkt. No. 38, "Plffs. Opp. MTD").

credit ratings agency, Moody's, that went into effect months after the close of the Class Period and which was not relied on in the Complaint. Defendants' sole purpose in introducing Exhibit 17 is to dispute the truth of Plaintiffs' well-pled factual allegations—arguing, somehow, that adding the word "often" in Defendants' offered version of the Moody's policy substantively changes Plaintiffs' alleged reasons for falsity (*see* Defendants' Memorandum of Law in Support of their Motion to Dismiss (Dkt. No. 37-1, "Motion to Dismiss" or "Defs. MTD") at 23)—is improper on a motion to dismiss.

Thus, these extrinsic materials and Defendants' references to them should be ignored.

## II. THE CONTESTED EXHIBITS DO NOT QUALIFY UNDER ANY EXCEPTIONS FOR CONSIDERATION ON A MOTION TO DISMISS

When deciding a 12(b)(6) motion to dismiss, a court may consider a "document *integral to or explicitly relied upon* in the complaint" (*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)), as well as "facts appropriate for judicial notice," such as SEC filings (*Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)). The challenged exhibits are neither integral to, relied on, or appropriate for judicial notice, and should be stricken or otherwise disregarded.

### Exhibits 4, 5, and 6

Exhibit 6 is an excerpt of Defendants' motion to dismiss briefing in the

"Prior Action" (*In re Eros Int'l Sec. Litig.*, Case No. 15-cv-8956 (S.D.N.Y.)); Exhibits 4 and 5 are short seller reports from 2015, which Defendants now explain are exhibits filed in the Prior Action (Defs. Opp. MTS at 4).   As Plaintiffs explained in their Motion, the Complaint in no way refers to or relies on these three Exhibits, and rather were offered in Defendants' introduction of new facts outside the Complaint.  Defs. MTD at 5-6.

Defendants seek to disguise their improper inclusion of these exhibits as offering context to the Court to help in its analysis of the Prior Action's dismissal (Defs. Opp. MTS at 4, 5)—ignoring that: (i) there should be no need to analyze a legal authority if it is simply offered as a fact (as Defendants do in their Motion to Dismiss); (ii) the Prior Action's dismissal opinion provided similar recitations of the facts alleged and Defendants' arguments advanced in their motion to dismiss the Prior Action; and (iii) Plaintiffs did not move to strike the complaint in the Prior Action that Defendants' attached to their declaration in support of the Motion to Dismiss.  Moreover, in dismissing the Prior Action, the court did not examine any of the so-claimed "manifest similarities" to this Action.  *See* Plffs. Opp. MTD at 6, n.4.  So Defendants' insistence that these three exhibits are relevant (Defs. Opp. MTS at 5) fall flat.

These Exhibits are also not subject to judicial notice.  *Contra* Defs. Opp. MTS at 5.  While a court may take judicial notice of judicial proceedings, notice of

such is only "appropriate when proceedings in other courts relate to matters at issue before the court." *Se. Pennsylvania Transp. Auth. v. Orrstown Fin. Servs., Inc.*, 2016 WL 7117455, at *5 (M.D. Pa. Dec. 7, 2016) (internal quotations omitted). Nothing in the Prior Action is at issue before the Court here, other than Defendants' improper introduction of facts outside the Complaint. Likewise, a party's version of facts and legal arguments in another legal proceeding are inappropriate for judicial notice. *In re Navient Corp. Sec. Litig.*, 2019 WL 7288881, at *7 (D.N.J. Dec. 30, 2019); *see also In re Synchronoss Sec. Litig.*, 705 F. Supp. 2d 367, 391 (D.N.J. 2010) ("the fact that a litigant uttered certain audible sounds or put certain words in writing cannot render the *truthfulness of the content* of these utterances/writings amenable to judicial notice"). *Johnson v. Shop-Vac Corporation*, Defendants' sole authority in support of judicially noticing Exhibits 4, 5, and 6, is in accord. In that decision, the court judicially noted a settlement agreement reached in a prior action that specifically documented the agreed-upon language challenged by Johnson. 2020 WL 3496957, at *5 & n.7 (D.N.J. June 29, 2020).[2]

---

[2] Defendants' introduction of Exhibit 6 also violates Local Rule 7.2(a) which prohibits "[l]egal arguments and summations" in declarations. Defendants' only response to this argument is trying to distinguish Exhibit 6, Defendants' preliminary statement to their motion to dismiss briefing in the Prior Action, by noting that it is not a declaration. Although Exhibit 6 is itself not a declaration, it is an attachment to a declaration—a distinction without a difference—and should

4

**Exhibit 17**

Exhibit 17 should be stricken because it is an extraneous document that does not qualify under any exceptions for consideration on a motion to dismiss and Defendants have impermissibly asked the Court to consider it for its content in support of a factual inference at odds with the Complaint.

Courts should *not* consider an extraneous document's content to reach a legal conclusion or resolve a contested factual matter at the motion to dismiss stage. *See, e.g.*, *Burlington*, 114 F.3d at 1424-25; *In re Processed Egg Prod. Antitrust Litig.*, 821 F. Supp. 2d 709, 740-741 (E.D. Pa. 2011) (materials offered and relied on by defendant "to argue that an alternative legitimate explanation for its alleged conduct exists are not properly before the Court on the pending motion to dismiss" and declining to consider factual assertions external to the complaint). But this is exactly what Defendants ask the Court to do: accept Defendants' alternative facts to reach a legal conclusion as to falsity. *See* Defs. MTD at 22-23; Defs. Opp. MTS at 6-7. For this reason alone, Exhibit 17 should either be stricken or given no consideration in deciding the Motion to Dismiss. *See, e.g., Amalgamated Bank v. Yost*, 2005 WL 226117, at \*4 (E.D. Pa. Jan. 31, 2005)

---

be stricken or disregarded for this additional reason. *See In re Application Pursuant to 28 U.S.C. §1782 of Michael Page do Brasil Ltda.*, 2018 WL 7018716, at \*12 (D.N.J. Jan. 19, 2018) (recommending that the court strike an exhibit that was an "impermissible nine pages of additional argument … and was therefore filed in clear violation of the Local Civil Rules.").

5

(granting motion to strike two exhibits from defendants' motion to dismiss because they raised an impermissible factual dispute).

In their Opposition, Defendants' double-down on their request to either incorporate or judicially notice Exhibit 17, insisting that Plaintiffs relied on it in drafting their Complaint. Plaintiffs did not.  Plffs. Opp. MTD at 24, n.20; MTS at 4-5.  Defendants also insist that it would be unfair to Defendants if the Court disregarded Exhibit 17, suggesting that somehow they did not have notice of the facts alleged (*see* Defs. Opp. MTS at 6-7) even though their exhibit *did not track* the language alleged and the version of the Moody's policy relied on and quoted in the Complaint – effective when Moody's withdrew its rating and Defendants' made the alleged false statements – is publicly and readily available on the SEC's website. *See* Dkt. No. 38-1, ¶6.

In similar situations, courts in this District have declined to consider documents that plaintiffs contend were not relied on, quoted, or incorporated into the complaint.  *See In re AT&T Corp. Sec. Litig.*, 2002 WL 31190863, at *16 (D.N.J. Jan. 30, 2002) (declining to consider two documents provided by defendants with their motion to dismiss, noting that plaintiffs "vigorously dispute that they relied upon" and, because it was "not so clear that plaintiffs relied upon" statements within the offered documents); *In re Honeywell Int'l, Inc. Sec. Litig.*, 182 F. Supp. 2d 414, 429 (D.N.J. 2002) (declining to consider exhibits offered in

6

support of motion to dismiss that plaintiffs contend were not referenced, quoted or incorporated in the complaint and thus inappropriate to consider on a motion to dismiss).  And this makes sense, as:

> [t]he purpose of the integral documents exception is to avoid the situation where a plaintiff "selected only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."  That is not what Plaintiffs did here ….  It is Defendants who seek to submit "documents that merely create a defense to the well-pled allegations in the complaint." "Although the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, ***the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim***."

*Tomaszewski v. Trevena, Inc.*, --- F.Supp.3d ----, 2020 WL 5095865, at \*6 (E.D. Pa. Aug. 28, 2020) (emphasis added, alterations in original omitted) (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002, 1003 (9th Cir. 2018)) (granting motion to strike documents that defendants misidentified as documents that the complaint relied on).

## III.   PLAINTIFFS' MOTION IS PROCEDURALLY SOUND

Defendants' numerous objections to how Plaintiffs styled their submission – *i.e.*, as a motion to strike – is a distraction.  Defs. Opp. MTS at 2-4.  Striking the improperly offered extrinsic documents and the arguments Defendants allege they support are well within the Court's inherent power.  *See Jones v. Metro. Life Ins. Co.*, 2010 WL 4055928, at \*6 (N.D. Cal. Oct. 15, 2010) (finding argument that "Federal Rule of Civil Procedure 12(f) only allows courts to strike pleadings, and

7

not other documents such as … motion papers that are at issue here …. misses the point entirely" and holding that "courts have inherent power to strike inappropriate materials").

Many courts in this Circuit have, in similar circumstances, considered and granted requests to strike documents outside the "pleadings." *See, e.g.*, *In re Par Pharm. Sec. Litig.*, 2009 WL 3234273, at *12 (D.N.J. Sept. 30, 2009) (granting motion to strike declaration submitted in further support of motion to dismiss); *Tomaszewski*, 2020 WL 5095865, at *4-*6 (granting motion to strike exhibits not relied on in complaint); *In re DaVita Inc. Stockholder Deriv. Litig.*, 2019 WL 1855445, at *8-*11 (D. Del. Apr. 25, 2019) (granting motion to strike exhibits submitted in support of motion to dismiss); *AT&T Corp. v. CPB Int'l, Inc.*, 2006 WL 8448277, at *6 (M.D. Pa. Mar. 21, 2006) (granting motion to strike extraneous material offered in support of motion to dismiss because it raised an impermissible factual dispute).

Other courts in this Circuit have, when examining the same arguments Defendants raised in their Opposition, determined that a better approach is to simply disregard documents and information improperly before the Court. *E.g.*, *Orrstown*, 2016 WL 7117455, at *7; *AT&T Corp.*, 2002 WL 31190863, at *16 (granting motion to strike to the extent that two exhibits would not be considered but declining to strike exhibits from the record). Thus, no matter how Plaintiffs'

8

Motion is styled, Plaintiffs may seek to exclude from consideration Defendants' improperly proffered exhibits.

## IV.    CONCLUSION

For the reasons stated above, Plaintiffs request that Exhibits 4, 5, 6, and 17 and references to them in Defendants' Motion to Dismiss be stricken or disregarded from consideration.

Dated: November 9, 2020

Respectfully submitted,

**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**

By:   *s/ Donald A. Ecklund*
James E. Cecchi
Lindsey H. Taylor
Donald A. Ecklund
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994 -1700

*Liaison Counsel for Plaintiffs and the Proposed Class*

**GLANCY PRONGAY & MURRAY LLP**
Kara M. Wolke (*pro hac vice*)
Leanne H. Solish (*pro hac vice*)
Raymond D. Sulentic (*pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150

*Lead Counsel for Plaintiffs and the Proposed Class*

## PROOF OF SERVICE

On November 9, 2020, I served copies of the foregoing document, by posting the document electronically to the ECF website of the District of New Jersey, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury that the foregoing is true and correct.

Dated:  November 9, 2020.                    *s/ Donald A. Ecklund*
                                             Donald A. Ecklund