# EXHIBIT 3

James E. Cecchi
Donald A. Ecklund
Kevin G. Cooper
**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
Email: jcecchi@carellabyrne.com

*Counsel for Lead Plaintiffs and the Settlement Class*

Kara M. Wolke
Leanne H. Solish
Raymond D. Sulentic
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:   (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Counsel for Lead Plaintiffs and the Settlement Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE EROS INTERNATIONAL PLC SECURITIES LITIGATION | C. A. No. 19-cv-14125-ES-JSA<br><br>Honorable Esther Salas |

**DECLARATION OF JAMES E. CECCHI, ESQ. IN SUPPORT OF CLASS COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES FILED ON BEHALF OF CARELLA BYRNE CECCHI OLSTEIN BRODY & AGNELLO, PC**

I, James Cecchi, declare as follows:

1.  I am a partner at Carella Byrne Cecchi Olstein Brody & Agnello, PC ("Carella Byrne").[1]  Carella Byrne is Court-appointed Liaison Counsel (*see* ECF No. 21), and one of the Court-appointed Class Counsel in the above-captioned action (the "Action").  *See* ECF No. 85.  I submit this declaration in support of Class Counsel's application for an award of attorneys' fees in connection with services rendered in the Action, as well as for reimbursement of litigation expenses incurred in connection with the Action.  I have personal knowledge of the facts set forth herein based on my active supervision of, and participation in, the prosecution and settlement of the claims asserted in the Action and, if called upon, could and would testify thereto.

2.  Carella Byrne, as Liaison Counsel, was involved in all aspects of the Action and its settlement, as set forth in the Joint Declaration of James E. Cecchi and Kara M. Wolke in Support of: (I) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (II) Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses.

3.  The schedule attached hereto as Exhibit A is a detailed summary indicating the amount of time spent by attorneys and professional support staff employees of my firm who, from inception of the Action through and including October 6, 2023, billed to the Action, and the lodestar calculation for those individuals based on my firm's current billing rates.  For personnel who are no longer employed by my firm, the lodestar calculation is based upon the billing rates for such personnel in his or her final year of employment by my firm.  The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by my firm.

---

[1] Unless otherwise defined, all capitalized terms herein have the same meanings as set forth in the Stipulation and Agreement of Settlement dated April 4, 2023.  ECF No. 81-3.

1

4.    I am the partner who oversaw or conducted the day-to-day activities in the Action and I reviewed these daily time records in connection with the preparation of this declaration. The purpose of this review was to confirm both the accuracy of the records as well as the necessity for, and reasonableness of, the time committed to the litigation.  As a result of this review, I made reductions to certain of my firm's time entries such that the time included in Exhibit A reflect that exercise of billing judgment.  Based on this review and the adjustments made, I believe that the time of Carella Byrne attorneys and staff reflected in Exhibit A was reasonable and necessary for the effective and efficient prosecution and resolution of the Action.  No time expended on the application for fees and reimbursement of expenses has been included.

5.    The hourly rates for the attorneys and professional support staff in my firm included in Exhibit A are consistent with the rates approved by courts in other securities or shareholder litigation when conducting a lodestar cross-check.

6.    The total number of hours reflected in Exhibit A is 353.30 hours.  The total lodestar reflected in Exhibit A is $284,280.00, consisting of  $281,175.00 for attorneys' time and $3,105.00 for professional support staff time.

7.    My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items.  Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

8.    As detailed in Exhibit B, my firm is seeking reimbursement of a total of $2,235.80 in expenses incurred in connection with the prosecution of this Action.

9.    The litigation expenses incurred in the Action are reflected on the books and records of my firm.  These books and records are prepared from expense vouchers, check records, and

2

other source materials and are an accurate record of the expenses incurred.  The expenses reflected in Exhibit B are the expenses actually incurred by my firm.

10.    Attached hereto as Exhibit C is a brief biography of Carella Byrne.

I declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.  Executed on October 23, 2023, in Roseland, New Jersey.

*/s/James E. Cecchi*
JAMES E. CECCHI

3

**EXHIBIT A**

*In re Eros International Plc Securities Litigation,*
**Case No. 19-cv-14125**

**Carella Byrne Cecchi Olstein Brody & Agnello, PC**

**LODESTAR REPORT**
**FROM INCEPTION THROUGH OCTOBER 6, 2023**

| TIMEKEEPER/CASE | STATUS | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| **ATTORNEYS:** | | | | |
| Cecchi, James | Partner | 102.50 | $ 1,050.00 | $ 107,625.00 |
| Ecklund, Donald | Partner | 36.70 | $ 900.00 | $ 33,030.00 |
| Innes, Michael | Partner | 61.40 | $ 750.00 | $ 46,050.00 |
| Patel, Chirali | Associate | 5.40 | $ 400.00 | $ 2,160.00 |
| Steele, Jordan | Associate | 6.50 | $ 600.00 | $ 3,900.00 |
| Cooper, Kevin | Associate | 117.20 | $ 700.00 | $ 82,040.00 |
| O'Toole, Brian | Associate | 9.80 | $ 650.00 | $ 6,370.00 |
| **TOTAL ATTORNEY** | | **339.50** | | **$ 281,175.00** |
| **PROFESSIONAL STAFF:** | | | | |
| Houser, Nancy | Senior Paralegal | 1.00 | $ 225.00 | $ 225.00 |
| Tempesta, Laura | Senior Paralegal | 9.90 | $ 225.00 | $ 2,227.50 |
| Falduto, Jeff | Senior Paralegal | 1.00 | $ 225.00 | $ 225.00 |
| Rago, Mary Ellen | Senior Paralegal | 1.90 | $ 225.00 | $ 427.50 |
| **TOTAL PROFESSIONAL STAFF** | | **13.80** | | **$ 3,105.00** |
| **TOTAL LODESTAR** | | **353.30** | | **$ 284,280.00** |

**EXHIBIT B**

*In re Eros International Plc Securities Litigation,*
Case No. 19-cv-14125

**Carella Byrne Cecchi Olstein Brody & Agnello, PC**

**EXPENSE REPORT**

**FROM INCEPTION THROUGH OCTOBER 6, 2023**

| ITEM | AMOUNT | |
|---|---|---:|
| COURT FILING FEES | $ | 450.00 |
| ONLINE RESEARCH | $ | 65.40 |
| AUTOMOTIVE TRANSPORTATION | $ | 787.50 |
| HOTELS | $ | 932.90 |
| | | |
| **GRAND TOTAL** | **$** | **2,235.80** |

5

**EXHIBIT C**

**Carella Byrne Cecchi Olstein Brody & Agnello, PC**

**FIRM RESUME**

 **CLASS ACTION RESUME**

Formed in 1976, Carella Byrne is one of the leading law firms in the New Jersey – New York metropolitan area, serving a diverse clientele ranging from small businesses to Fortune 500 corporations. Carella Byrne's class action practice - founded and led by James E. Cecchi - is the preeminent consumer class action firm in the State of New Jersey and across the United States. Mr. Cecchi has held leadership positions in many of the nation's most complex and important consumer class actions effecting consumer rights in the last ten years. The most recent examples, to name a few are: (1) *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*; (2) *In re Takata Airbag Product Defect Litigation*; (3) *In re National Prescription Opiate Litigation;* (4); *In re American Medical Collection Agency, Inc., Customer Data Security Breach Litigation*; (5) *In re Mercedes-Benz Emissions Litigation*; (6) *In re Liquid Aluminum Sulfate Antitrust Litigation;* (7) *In re Volkswagen Timing Chain Product Liability Litigation;* (8) *In re Insulin Pricing Litigation*.

## REPRESENTATIVE MATTERS

- *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672 (N.D. Cal.) (Hon. Charles R. Breyer) (James Cecchi appointed to Steering Committee and as Settlement Class Counsel; settlement in excess of $15,000,000,000 for consumer fraud and warranty claims arising from the use of a defeat device to evade U.S. emissions regulations.)

- *In re: Takata Airbag Products Liability Litigation*, MDL No. 2599 (S.D. Fla.) (Hon. Frederico A. Moreno) (James Cecchi appointed to Steering Committee and as Settlement Class Counsel; settlement in excess of $1,500,000,000 for consumer fraud and warranty claims arising from use of defective and dangerous airbags; the case is ongoing as it pertains to second-wave defendants, including Mercedes Benz USA.)

- *In re: American Medical Collection Agency, Inc. Customer Data Security Breach Litigation*, MDL No. 2904 (D.N.J.) (Hon. Madeline Cox Arleo) (James Cecchi appointed sole Lead Counsel in national Multi-District data breach litigation.)

- *In re National Prescription Opiate Litigation*, MDL No. 2804 (N.D. Ohio) (Hon. Dan A. Polster) (James Cecchi appointed to Plaintiffs' Executive Committee relating to marketing of opioid drugs. Recent settlements include a proposed $26 billion settlement with the nation's largest drug distributors and Johnson & Johnson. Recent trial team victories include Track 3 bellwether of $650.6 million.)

- *In re: Mercedes-Benz Emissions Litigation*, Civil Action No. 16-cv-881 (D.N.J.) (Hon. Kevin McNulty) (James Cecchi appointed as Interim Co-Lead Counsel for Plaintiffs and the Proposed Class in a case arising out of the alleged use of a defeat device to evade U.S. emissions regulations; settlement with value in excess of $700,000,000 granted final approval.)

- *In Re: Vytorin/Zetia Marketing, Sales Practices and Products Liability Litigation*, MDL No. 1938 (D.N.J.) (Hon. Dennis M. Cavanaugh); *In re Schering-Plough/Enhance Securities Litigation*, Civil Action No.: 08-cv-397 (D.N.J.) (Hon. Dennis M. Cavanaugh); *In re Merck & Co., Inc. Vytorin/Zetia Securities Litigation*, Civil Action No.: 08-cv-2177 (D.N.J.) (Hon. Dennis M. Cavanaugh) (consumer and securities fraud claims arising from marketing and sale of anti-cholesterol drugs Vytorin and Zetia) (Co-Lead Counsel in Consumer Cases which settled for $41,500,000 and Liaison Counsel in Securities Cases which collectively settled for $688,000,000.)

- *In re: Liquid Aluminum Sulfate Antitrust Litigation,* MDL No. 2687 (D.N.J.) (Hon. Jose L. Linares) (James Cecchi appointed as Lead Counsel and secured a settlement of greater than $100,000,000.)

- *In Re Effexor XR Antitrust Litigation,* Civil Action No. 11-cv-5661 (D.N.J.) (Hon. Joel A. Pisano) (claims on behalf of indirect purchasers of brand-name drug alleging that manufacturer obtained patent by fraud and enforced patent by sham litigation to maintain illegal monopoly of brand-name drug. James Cecchi appointed as Chair of Plaintiffs' Indirect Purchaser Executive Committee.)

- *Davis Landscape v. Hertz Equipment Rental*, Civil Action No. 06-cv-3830 (D.N.J.) (Hon. Dennis M. Cavanaugh) (Co-Lead Counsel in settlement valued at over $50,000,000 on behalf of contested nationwide class asserting claims that HERTZ' loss/damage waiver charges violated the New Jersey Consumer Fraud Act because it provides no benefit to customers.)

- *In Re: Merck & Co., Inc., Securities, Derivative & "ERISA" Litigation*, MDL No. 1658 (D.N.J.) (Hon. Stanley R. Chesler) (securities fraud claims arising from Merck's failure to disclose problems with commercial viability of anti-pain drug Vioxx which settled for more than $1,000,000,000.)

- *In re: Mercedes-Benz Tele-Aid Contract Litigation*, MDL No. 1914 (Hon. Dickson R. Debevoise) (Co-Lead Counsel in $40,000,000 settlement of consumer fraud claims arising from Mercedes' failure to notify Tele-Aid customers of mandated change from analog to digital system, and charging customers to replace system Mercedes knew would be obsolete.)