# EXHIBIT 5

James E. Cecchi
Donald A. Ecklund
Kevin G. Cooper
**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
Email: jcecchi@carellabyrne.com

*Counsel for Lead Plaintiffs and the proposed Settlement Class*

Kara M. Wolke
Leanne H. Solish
Raymond D. Sulentic
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:    (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Counsel for Lead Plaintiffs and the proposed Settlement Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE EROS INTERNATIONAL PLC SECURITIES LITIGATION | C. A. No. 19-cv-14125-ES-JSA<br><br>Honorable Esther Salas |

DECLARATION OF HERBERT HAKALA ON BEHALF OF LEAD PLAINTIFF **AI UNDERTAKING IV, IN SUPPORT OF: (1) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) CLASS COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND <u>REIMBURSEMENT OF LITIGATION EXPENSES</u>**

I, Herbert Hakala, declare as follows:

1.      I am the Managing Director of PP-Asset Management, a German asset management company which manages the fund AI Undertaking IV ("AI" or "Lead Plaintiff"), one of the Court-appointed Lead Plaintiffs in the above-captioned securities class action (the "Action").[1]  ECF No. 21.  I am duly authorized to submit this declaration on behalf of AI.

2.      I respectfully submit this declaration in support of: (a) Lead Plaintiffs' motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation; and (b) Class Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses, including approval of AI's request to recover the reasonable costs and expenses it incurred in connection with its representation of the Settlement Class in the prosecution of this Action.

3.      I am aware of and understand the requirements and responsibilities of a representative plaintiff in a securities class action, including those set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4.  I have personal knowledge of the matters set forth herein, as I, on behalf of AI, have been directly involved in monitoring and overseeing the prosecution of the Action, as well as the negotiations leading to the Settlement, and I could and would testify competently to these matters.

I.      **LEAD PLAINTIFF'S OVERSIGHT OF THE LITIGATION**

4.      PP-Asset Management, on behalf of AI, has been actively involved in the prosecution of this case since August 20, 2019, when the attorneys at Glancy Prongay & Murray LLP ("GPM" or "Lead Counsel") filed a class action complaint in the United States District Court for the Central District of California ("Central District of California"), styled *Opus Chartered Issuances S.A., Compartment 127 v. Eros International PLC et al*, Case No. 2:19-cv-07242 (the

---

[1] Unless otherwise defined, all capitalized terms herein have the same meanings as set forth in the Stipulation and Agreement of Settlement dated April 4, 2023.  ECF No. 81-3.

"*Opus* action"). On September 27, 2019, the Central District of California granted the parties request in the *Opus* action to be transferred to this Court, where it was assigned Case No. 2:19-cv-18547.

5. By order dated April 14, 2020, this Court consolidated the *Opus* action and two other class actions, and recaptioned them as *In re Eros International Plc Securities Litigation*, Civil Action No. 19-cv-14125; appointed AI and Opus Chartered Issuances S.A., Compartment 127 as Lead Plaintiffs for the consolidated action; and approved Lead Plaintiffs' selection of GPM as Lead Counsel and Carella Byrne Cecchi Olstein Brody & Agnello, PC as liaison counsel for the putative class.

6. On behalf of AI, I communicated with Lead Counsel throughout the litigation. Through my (and that of other PP-Asset Management directors and employees authorized to act on behalf of AI) active and continuous involvement, AI closely supervised, carefully monitored, and was actively involved in all material aspects of the prosecution of the Action. AI received periodic status reports from GPM on case developments, and participated in regular discussions with attorneys from GPM concerning the prosecution of the Action, the strengths of and risks to the claims, and potential settlement. Among other things, throughout the course of this Action, I and other directors and employees of PP-Asset Management: (a) caused AI to produce its trading records to Lead Counsel; (b) authorized the filing of the *Opus* action; (c) caused AI to move to be appointed as one of the lead plaintiffs in this Action; (d) regularly communicated with GPM attorneys regarding the posture and progress of the case; (e) reviewed all significant pleadings and briefs filed in this Action; (f) reviewed the Court's orders and discussed them with attorneys at GPM; (g) consulted with GPM attorneys regarding the settlement negotiations; and (e) evaluated and approved the proposed Settlement.

7.      In short, I, and other PP-Asset Management directors and employees, have done our best to vigorously promote the interests of the Settlement Class and to obtain the largest recovery possible under the circumstances.

## II.      APPROVAL OF THE SETTLEMENT

8.      As detailed in the paragraphs above, through my and other PP-Asset Management directors and employee active participation, AI was both well-informed of the status and progress of the litigation, and the status and progress of the settlement negotiations in this Action.

9.      Based on its involvement in the prosecution and resolution of the claims asserted in this Action, I believe that the proposed Settlement provides a fair, reasonable, and adequate recovery for the Settlement Class, particularly in light of the risks of continued litigation. Therefore, on behalf of AI, I fully endorse approval of the Settlement by the Court.

## III.      AI SUPPORTS CLASS COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

### A.      Attorneys' Fees And Litigation Expenses

10.      AI believes that Class Counsel's request for an award of attorneys' fees in the amount of 33⅓% of the Settlement Fund is fair and reasonable in light of the work Class Counsel performed on behalf of the Settlement Class. AI takes seriously its duty as a lead plaintiff to ensure that the attorneys' fees are fair, taking into account the result achieved for the Settlement Class, as well as the need reasonably compensate Class Counsel for the work involved and the substantial risks they undertook in litigating the Action. AI has evaluated Class Counsel's fee request by considering the quality and amount of the work performed, the recovery obtained for the Settlement Class, and the risks Class Counsel bore in prosecuting this Action on behalf of AI, the other lead plaintiff, and the Settlement Class on a fully contingent basis, which included the fronting of all expenses. AI has authorized this fee request for the Court's ultimate determination.

3

11.     AI further believes that the litigation expenses being requested for reimbursement to Class Counsel are reasonable, and represent costs and expenses necessary for the prosecution and resolution of the claims in the Action.  Based on the foregoing, and consistent with its obligation to the Settlement Class to obtain the best result at the most efficient cost, AI fully supports Class Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses.

**B.     Lead Plaintiff's Litigation-Related Costs And Expenses**

12.     AI understands that reimbursement of a class representative's reasonable costs and expenses is authorized under the PSLRA, 15 U.S.C. § 78u-4(a)(4).  For this reason, in connection with Class Counsel's request for reimbursement of Litigation Expenses, AI respectfully requests reimbursement for the costs and expenses that it directly incurred relating to its representation of the Settlement Class in the Action.

13.     I am a Managing Director at PP-Asset Management, and the time I and other AI employees devoted to representing the Settlement Class in this Action was time that we otherwise would have spent on work for AI and, thus, represented a cost to AI.  AI respectfully requests reimbursement in the amount of $15,000 for the time its employees devoted to participating in this Action.  This request is based on the conservative effort that AI employees devoted approximately 50 hours in the litigation-related activities described above.  It is my belief that this request for reimbursement is fair and reasonable and that the time and effort PP-Asset Management directors and employees devoted to this litigation was necessary to help achieve an excellent result for the Settlement Class under the circumstances.

## IV.     CONCLUSION

14.     In sum, AI was closely involved throughout the prosecution and settlement of the claims in this Action, believes that the Settlement represents a significant recovery for the

Settlement Class, and strongly endorses the Settlement as fair, reasonable, and adequate. Accordingly, AI respectfully requests that the Court approve: (a) Lead Plaintiffs' motion for final approval of the proposed Settlement and Plan of Allocation; (b) Class Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses; and (c) AI's request for reimbursement of the reasonable costs and expenses incurred in prosecuting the Action on behalf of the Settlement Class.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, and that I have authority to execute this declaration on behalf of AI.

Executed on October ___, 2023, in Düsseldorf, Germany.

_____
Herbert Hakala

5