# EXHIBIT 10

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAO SUN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> DAQING HAN, XIAOLI YU, HONG LI, MING LI, LIAN ZHU, GUANGHUI CHENG, GUOBIN PAN, GUANGJUN LU, YUANPIN HE, MAZARS CPA LIMITED, MAZARS Scrl, WEISERMAZARS LLP, and TELESTONE TECHNOLOGIES CORPORATION, <br><br> Defendants. | Case No. 2:15-cv-00703-JMV-MF <br><br> [PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES |

This matter came on for hearing on March 6, 2018 (the "Settlement Hearing") on Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was disseminated to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and litigation expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Stipulation of Settlement dated February 8, 2017 (Dkt. No. 64-3) (the "Stipulation") and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.      The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3.      Notice of Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §§ 77z-1(a)(7), 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

1

4.     Co-Lead Counsel are hereby awarded attorneys' fees in the amount of 33 ⅓ % of the Settlement Fund and $ 1,250,000.00 in reimbursement of Co-Lead Counsel litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable.  Co-Lead Counsel shall allocate the attorneys' fees awarded amongst counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution and settlement of the action.

5.     In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)     The Settlement has created a fund of $1,250,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

(b)     The fee sought by Co-Lead Counsel has been reviewed and approved as reasonable by Lead Plaintiff, a sophisticated investor that oversaw the prosecution and resolution of the action;

(c)     Copies of the Postcard Notice, which directed Settlement Class Members to the Settlement website where the Notice was available, were mailed to thousands of Settlement Class Members and nominees.  The notices alerted Settlement Class Members that Lead Counsel would apply for attorneys' fees in an amount not exceed 33 1/3% of the Settlement Fund and for reimbursement of litigation expenses. There was no objections to the requested attorneys' fees and expenses;

(d)     Co-Lead Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

2

(e) The action raised a number of complex issues;

(f) Had Co-Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the other members of the Settlement Class may have recovered less or nothing from Defendants;

(g) Co-Lead Counsel devoted over 1,030 hours, with a lodestar value of approximately $567,000 to achieve the Settlement;

(h) The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases; and

(i) There were no objections to the request for attorneys' fees or reimbursement of litigation expenses.

6. Lead Plaintiff Bin Qu is hereby awarded $ 20,000.00 from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to its representation of the Settlement Class.

7. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

8. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

9. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

Case 2:15-cv-00703-JMV-MF    Document 97-1    Filed 06/06/18    Page 5 of 5 PageID: 1998

10.     There is no just reason for delay in the entry of this Order, and immediate entry

by the Clerk of the Court is expressly directed.


SO ORDERED this 6th day of March , 2018.


_____
HONORABLE JOHN MICHAEL VAZQUEZ
UNITED STATES DISTRICT JUDGE