James E. Cecchi
Donald A. Ecklund
Kevin G. Cooper
**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
Email: jcecchi@carellabyrne.com

*Counsel for Lead Plaintiffs and the Settlement Class*

Kara M. Wolke
Joseph D. Cohen
Leanne H. Solish
Raymond D. Sulentic
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Counsel for Lead Plaintiffs and the Settlement Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE EROS INTERNATIONAL PLC SECURITIES LITIGATION | C. A. No. 19-cv-14125-ES-JSA<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF: (1) LEAD PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) CLASS COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES** |

# TABLE OF CONTENTS

I.     PRELIMINARY STATEMENT ...................................................................1

II.    THE SETTLEMENT CLASS'S EXTREMELY POSITIVE REACTION
       SUPPORTS APPROVAL OF THE SETTLEMENT, PLAN OF
       ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND
       LITIGATION EXPENSES...................................................................2

       A.    The Court-Approved Notice Program Has Been Implemented ............2

       B.    The Settlement Class's Reaction Supports Approval Of The
             Settlement, Plan Of Allocation, And Fee And Expense Application ...4

III.   CONCLUSION...................................................................7

i

# TABLE OF AUTHORITIES

<u>CASES</u>

*Chao Sun v. Daqing Han*,
  2018 WL 11277605 (D.N.J. Mar. 9, 2018) ...........................................................6

*In re Datatec Systems, Inc. Sec. Litig.*,
  2007 WL 4225828 (D.N.J. Nov. 28, 2007) ...........................................................5

*In re Innocoll Holdings Pub. Ltd. Co. Sec. Litig.*,
  2022 WL 16533571 (E.D. Pa. Oct. 28, 2022) ....................................................5, 6

*In re Linerboard Antitrust Litig.*,
  321 F. Supp. 2d 619 (E.D. Penn. 2004)..................................................................4

*In re Mercedes-Benz Emissions Litig.*,
  2021 WL 7833193 (D.N.J. Aug. 2, 2021) ..............................................................4

*In re Par Pharm. Sec. Litig.*,
  2013 WL 3930091 (D.N.J. July 29, 2013) ..........................................................5, 6

*In re Rite Aid Corp. Sec. Litig.*,
  396 F.3d 294 (3d Cir. 2005) ...................................................................................5

*Stoetzner v. U.S. Steel Corp.*,
  897 F.2d 115 (3d Cir. 1990) ...................................................................................4

Court-appointed lead plaintiffs, Opus Chartered Issuances S.A., Compartment 127 and AI Undertaking IV (together, "Lead Plaintiffs"), and their counsel, Glancy Prongay & Murray LLP and Carella Byrne Cecchi Olstein Brody & Agnello, PC (collectively, "Class Counsel"), respectfully submit this memorandum in further support of: (i) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF No. 89, the "Final Approval Motion"); and (ii) Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 90, the "Fee and Expense Application").[1]  This memorandum updates the Court on the status of the notice program and the Settlement Class's reaction thereto, including the fact that there have been no objections to the Settlement, Plan of Allocation, or request for attorneys' fees and reimbursement of Litigation Expenses, and only two requests for exclusion from the Settlement Class.

## I.    PRELIMINARY STATEMENT

After over four years of hard-fought litigation, including a successful mediation facilitated by a well-respected neutral, Lead Plaintiffs submitted a $25,000,000 all cash, non-reversionary settlement for Court approval.  The reaction

---

[1] Unless otherwise defined, all capitalized terms herein have the same meanings as set forth in the Stipulation and Agreement of Settlement dated April 4, 2023 ("Stipulation"; ECF No. 81-3), or in the Joint Declaration of James E. Cecchi and Kara M. Wolke in Support of: (I) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (II) Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Joint Declaration") (ECF No. 89-2).

1

of the Settlement Class confirms that the Settlement is an excellent result. Following an extensive notice program, which included disseminating the Notice and Claim Form (collectively, the "Notice Packet") to approximately 22,864 potential Settlement Class Members or their nominees by first-class mail, and publishing the Summary Notice in *Investor's Business Daily* and on the *PR Newswire*, not a single objection has been filed and only two requests for exclusion received.[2] The Settlement Class's overwhelmingly positive reaction strongly supports approval of the Settlement and the Plan of Allocation, as well as the request for attorneys' fees and reimbursement of Litigation Expenses.

## II. THE SETTLEMENT CLASS'S EXTREMELY POSITIVE REACTION SUPPORTS APPROVAL OF THE SETTLEMENT, PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES

### A. The Court-Approved Notice Program Has Been Implemented

Pursuant to the Court's July 12, 2023, Order Preliminarily Approving Settlement and Providing for Notice, Epiq Class Action & Claims Solutions, Inc. ("Epiq") was authorized to act as the Claims Administrator in connection with the Settlement. ECF No. 85, ¶7. In that capacity, as of November 9, 2023, Epiq

---

[2] *See* Supplemental Declaration of Jessie Mahn Regarding: (I) Mailing of Notice and Proof of Claim Form; (II) Claims Received to Date; (III) Call Center Services; (IV) The Settlement Website; and (V) Requests for Exclusion and Objections Received to Date ("Suppl. Mahn Decl.") at ¶¶4-7 (22,864 Notice Packets were mailed, of which a total of 166 were undeliverable, and 34 Notice Packets were emailed); *see also* ECF No. 89-3, ¶13 and Ex. B (confirming publication of Summary Notice).

disseminated approximately 22,864 copies of the Notice Packet to potential Settlement Class Members and their nominees. *See* Supp. Mahn Decl., ¶¶4-7. The Notice advised Settlement Class Members of the Settlement and the request for an award of attorneys' fees and reimbursement of Litigation Expenses. *See* ECF No. 89-3, Ex. A at ¶¶2, 5, 69. The Notice further advised Settlement Class Members that the last day for requesting exclusion from the Settlement or filing an objection to the Settlement, the Plan of Allocation, and/or the request for an award of attorneys' fees and reimbursement of Litigation Expenses was November 7, 2023. *See Id.* at p. 2 and ¶¶70, 76.[3]

On October 23, 2023, Lead Plaintiffs filed the Final Approval Motion and Class Counsel filed the Fee and Expense Motion. The motions were supported by memoranda of law, as well as the declarations of Lead Plaintiffs, Class Counsel, and the Claims Administrator. These papers are available on the Court's public docket and were also posted on the Settlement Website (www.ErosSecuritiesLitigation.com). *See* ECF Nos. 89-90; Supp. Mahn Decl., ¶12.

The exclusion and objection deadlines have now passed. Importantly, not a single Settlement Class Member objected to the Settlement, the Plan of Allocation, the request for attorneys' fees and reimbursement of expenses, or Lead Plaintiffs'

---

[3] The November 7, 2023, deadline to object or request exclusion was also included in the Summary Notice, published on August 21, 2023. ECF No. 89-3, ¶13 and Ex. B.

requests to be reimbursed for their time spent litigating the Action on behalf the Settlement Class, and only two Settlement Class Members requested exclusion. *See* Supp. Mahn Decl. at ¶¶15, 17. The lack of objections and exceedingly small number of opt outs weighs heavily in favor of the Court granting the requested relief.

**B.      The Settlement Class's Reaction Supports Approval Of The Settlement, Plan Of Allocation, And Fee And Expense Application**

Lead Plaintiffs and Class Counsel respectfully submit that the overwhelmingly positive response from the Settlement Class confirms the fairness, adequacy, and reasonableness of the Settlement. *See Stoetzner v. U.S. Steel Corp.*, 897 F.2d 115, 118-19 (3d Cir. 1990) (concluding that, when "only" 29 members of a class of 281 objected, the response of the class as a whole "strongly favors settlement"); *In re Linerboard Antitrust Litig.*, 321 F. Supp. 2d 619, 629 (E.D. Penn. 2004) ("No class members objected to either settlement. This fact strongly militates a finding that the settlement is fair and reasonable. '[T]his unanimous approval of the proposed settlement[ ] by the class members is entitled to nearly dispositive weight in this court's evaluation of the proposed settlement.'") (internal citations omitted); *see also In re Mercedes-Benz Emissions Litig.*, 2021 WL 7833193, at *11 (D.N.J. Aug. 2, 2021) (finding "the reaction of the Class … overwhelmingly positive" where, *inter alia*, "opt out requests have been minimal, totaling less than one percent of those to whom notice packets were sent[,]" and there were "only 18 objections to settlement.").

4

The favorable reaction of the Settlement Class also supports approval of the Plan of Allocation. *In re Par Pharm. Sec. Litig.*, 2013 WL 3930091, at \*8 (D.N.J. July 29, 2013) (J. Salas) ("Lead Plaintiff's Plan of Allocation is fair, adequate, and reasonable. It is fully recommended by Plaintiff's Counsel, and, although notice was sent to over 84,572 potential class members, no member has objected to it. Therefore, the Court finds that the balance of factors weighs in favor of approving the Plan of Allocation.") (citations omitted); *In re Datatec Systems, Inc. Sec. Litig.*, 2007 WL 4225828, at \*5 (D.N.J. Nov. 28, 2007) ("no class members have objected to the Plan of Allocation or the Settlement" supporting approval).

Similarly, the reaction of the Settlement Class should be considered with respect to Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. The absence of any objections to the request for an award of attorneys' fees and expenses supports a finding that the request is reasonable under the circumstances of this litigation. *See, e.g.*, *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) ("[T]he absence of substantial objections by class members to the fee requests weigh[s] in favor of approving the fee request."); *Par Pharm.*, 2013 WL 3930091, at \*9 (absence of objections supports approval of fees requested by counsel); *In re Innocoll Holdings Pub. Ltd. Co. Sec. Litig.*, 2022 WL 16533571, at \*10 (E.D. Pa. Oct. 28, 2022) ("No [s]ettlement class member objected to the attorneys' fees or any out-of-pocket reimbursements sought, and, indeed, no

person sought exclusion from the Settlement class.  This weighs in favor of approving the attorneys' fees in the amount requested.").

Finally, the absence of any objections from Settlement Class Members to Class Counsel's request for PSLRA awards to Lead Plaintiffs in the aggregate amount of $30,000 (or $15,000 per Lead Plaintiff) to compensate them for the time and effort they expended on behalf of the Settlement Class, supports a finding that the awards are fair and reasonable.  *See Par Pharm.*, 2013 WL 3930091, at *11 (granting lead plaintiff's request for reimbursement of costs and expenses of $18,000 pursuant to PSLRA where class members were provided notice and did not object); *Chao Sun v. Daqing Han*, 2018 WL 11277605, at *2 (D.N.J. Mar. 9, 2018) (awarding $20,000 to pursuant to PSLRA where notice was provided and there were no objections); *Innocoll*, 2022 WL 16533571, at *12 (approving plaintiffs' requests for reimbursement under PSLRA, noting that the request was "relatively modest at less than one percent of the [s]ettlement fund and is not unreasonable when compared to compensatory awards granted by other courts in the Third Circuit.") (*citing, inter alia*, *Par Pharm.*, 2013 WL 3930091, at * 11).

In sum, the extremely favorable reaction of the Settlement Class is strong evidence that: (i) the Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class; (ii) the proposed Plan of Allocation of the Settlement proceeds is fair and equitable; and (iii) Class Counsel's fee and expense

request is reasonable.

## III.    CONCLUSION

For the reasons set forth herein and in the previously-filed Final Approval Memorandum (ECF No. 89-1), Fee Memorandum (ECF No. 90-1), and Joint Declaration (ECF No. 89-2), Lead Plaintiffs and Class Counsel respectfully request that the Court: (i) approve the Settlement and Plan of Allocation as fair, reasonable, adequate, and in the best interest of the Settlement Class; (ii) award attorneys' fees to Class Counsel in the amount of 33⅓% of the Settlement Fund, plus expenses in the amount of $164,323.49; and (iii) award $30,000 in the aggregate (or $15,000 each) to Court-appointed Lead Plaintiffs Opus Chartered Issuances S.A., Compartment 127 and AI Undertaking IV as reimbursement of the reasonable costs (including the cost of time spent) as a direct result of their representation of the Settlement Class.[4]

---

[4] The Settlement is conditioned on the entry of the [Proposed] Judgment. *See* Stipulation, ¶¶32, 33(e), 34; Ex. B.    The [Proposed] Judgment, along with a [Proposed] Order Approving the Plan of Allocation and a [Proposed] Order Awarding Attorneys' Fees and Reimbursement of Litigation Expenses, are submitted concurrently herewith.

Dated: November 13, 2023

Respectfully Submitted

**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**

By:  *s/ James E. Cecchi*

James E. Cecchi
Donald A. Ecklund
Kevin G. Cooper
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700
Email: jcecchi@carellabyrne.com

**GLANCY PRONGAY & MURRAY LLP**
Kara M. Wolke
Joseph D. Cohen
Leanne Solish
Raymond Sulentic
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email: kwolke@glancylaw.com

*Counsel for Lead Plaintiffs*
*and the proposed Settlement Class*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2023, I caused the foregoing to be filed electronically with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties.

Respectfully submitted,

November 13, 2023

*/s/ James E. Cecchi*
James E. Cecchi