**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| IN RE EROS INTERNATIONAL PLC SECURITIES LITIGATION | C. A. No. 19-cv-14125-ES-JSA |
|  | Honorable Esther Salas, U.S.D.J. |

## [PROPOSED] CLASS DISTRIBUTION ORDER

Having considered all materials and arguments submitted in support of Lead Plaintiffs' Motion for Class Distribution Order (the "Motion"), including the Memorandum of Law in Support of the Motion, the Declaration of Jessie Mahn in Support of Lead Plaintiffs' Motion for Distribution Order (the "Mahn Declaration"), and the Declaration of Sharon M. McGowan of the Public Justice Foundation,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Class Distribution Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement (ECF No. 81-3) (the "Stipulation"). All terms not otherwise defined shall have the same meaning as set forth in the Stipulation or the Mahn Declaration.

2.      This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3.      As set forth in the Mahn Declaration, the administrative determinations of the Claims Administrator in accepting and rejecting Claims are approved. Specifically, the administrative determinations of the Claims Administrator accepting those Claims set forth in Exhibits E-1 and E-2 of the Mahn Declaration are approved.   Likewise, the administrative determinations of the Claims Administrator rejecting those Claims set forth in Exhibit E-3 of the Mahn Declaration are approved.

1

4.      Except as otherwise provided in the Mahn Declaration, no claim form received after August 5, 2024, is eligible for payment, and no adjustments to claim forms received after December 11, 2024, that would result in an increased Recognized Loss amount may be accepted.  Should an adjustment be received that results in a lower Recognized Loss amount, that adjustment will be made and the Recognized Loss amount will be reduced accordingly.

5.      The Court authorizes payment of $18,480.63 from the Settlement Fund to the Claims Administrator for the fees and expenses to be incurred in connection with the Initial Distribution, as described in the Mahn Declaration.  Should the estimate of fees and expenses to conduct the Initial Distribution exceed the actual fees and expenses, Epiq will refund the difference to the Net Settlement Fund once the Initial Distribution is completed.

6.      The distribution plan for the Net Settlement Fund as set forth in the Mahn Declaration and accompanying exhibits is approved.  The balance of the Net Settlement Fund, after deducting the fees and expenses discussed in paragraph 5, shall be distributed to Authorized Claimants.  To encourage Authorized Claimants to promptly deposit their payments, all distribution checks will bear a notation: "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 90 DAYS OF ISSUE DATE."  Authorized Claimants who fail to cash, deposit, or negotiate a distribution check within the time allotted or

consistent with the terms outlined in paragraphs 42(a)(iv)-(v) of the Mahn Declaration will irrevocably forfeit all recovery from the Settlement.

7.    After the Initial Distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash, deposit, or negotiate their distribution checks.  To the extent any monies remain in the fund six (6) months after the Initial Distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a redistribution of the funds remaining after payment of, or reserve for, any unpaid fees and expenses incurred in administering the Settlement, including for such redistribution, payment of any Taxes, costs of preparing tax returns and escrow fees, as set forth in paragraph 42(b) of the Mahn Declaration.  Additional redistributions to Authorized Claimants who have cashed, deposited, or negotiated their prior checks and who would receive at least $10.00 on such additional redistributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional redistributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such redistributions, would be cost-effective.

8.    At such time as Lead Counsel, in consultation with the Claims Administrator, determine that no additional distributions are cost-effective, then the

remaining funds will be donated to the Public Justice Foundation, a non-sectarian, not-for-profit 501(c)(3) organization dedicated to, among other things, investor education and advocacy.

9.    All persons and entities involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members and other Claimants, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund, Lead Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Lead Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person or entity released under the Settlement, beyond the amounts allocated to them pursuant to the terms of this Class Distribution Order, provided that such released persons acted in accordance with the Stipulation, the Judgment, and this Order.

10.    The Claims Administrator is authorized to destroy: (a) paper or hard copies of the Claim Forms and supporting documents one (1) year after the Second Distribution of the Net Settlement Fund, if that occurs, or, if there is no Second

4

Distribution, one year after the Initial Distribution; and (b) electronic copies of the same not less than one year after the final distribution of the Net Settlement Fund to Authorized Claimants.

SO ORDERED this _____ day of _____, 2025.


_____
The Honorable Esther Salas
United States District Judge

5